```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 07 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA                :

            -v-                         :       14-cr-68 (KBF)

ROSS WILLIAM ULBRICHT,                  :       ORDER
    a/k/a "Dred Pirate Roberts,"        :
    a/k/a "DPR,"                        :
    a/k/a "Silk Road,"                  :

                    Defendant.          :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

On July 3, 2014, the Court sent the attached letter via email to Nicole McFarland, Senior Staff Attorney at the Metropolitan Detention Center.

SO ORDERED.

Dated:      New York, New York
            July 7, 2014

                                    _____
                                        KATHERINE B. FORREST
                                        United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

CHAMBERS OF
KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

July 7, 2014

Nicole McFarland
Senior Staff Attorney
U.S. Department of Justice
Federal Bureau of Prisons – Metropolitan Detention Center
100 29th Street
Brooklyn, New York 11232

Dear Ms. McFarland:

I have received your letter dated June 27, 2014, explaining the procedures by which defendant Ross Ulbricht, Register Number 18870-111, will be provided access to the electronic discovery produced in <u>United States v. Ulbricht</u>, 14 Cr. 68 (KBF) at the Metropolitan Detention Center ("MDC"). The letter was informative and helpful.

I write both to thank you for the accommodations that have been made and to apprise you of the important role that electronic discovery plays in this action. Due to the nature of the conduct alleged, it is important that Mr. Ulbricht be provided with sufficient access to the electronic discovery in this case. The nature of the case creates a need for access that is greater than is typical of cases in this district.

Based on your representations, the Court understands that the laptop procured solely for Mr. Ulbricht's use and preloaded with certain discovery materials is now available for Mr. Ulbricht's use during all visiting room open hours – from approximately 8:30 a.m. to 7:00 p.m. He will be allowed to use the laptop with or without his counsel present. Mr. Ulbricht will initiate his request for access with his housing unit officer; he will then be escorted to the visiting room and will be allowed to access the laptop until he has completed his review for the day. At that time, Mr. Ulbricht will be escorted back to his housing unit; he will not be allowed access again for the rest of the day.

1

The Court recognizes that under certain circumstances, Mr. Ulbricht may have to forgo desired time reviewing the electronic discovery in order to accommodate the needs of other inmates. It is the Court's understanding that this will happen only in rare circumstances.

These procedures meet the level of access the Court believes is appropriate. However, in order to maintain the trial date in this matter, it is imperative that Mr. Ulbricht's access not be frequently changed or interrupted. While I appreciate that this may present various issues for you – and I do not mean to request that the MDC do more than is reasonable under all circumstances – I did want to apprise you directly of the impact Mr. Ulbricht's access to discovery has in this case (given its rather unusual facts).

The Court has requested that the parties provide it with regular reports regarding Mr. Ulbricht's computer access. I do not want to find myself surprised and unable to seek additional accommodation if access is ultimately more limited than expected. I also want to urge you to reach out to the Government, defense counsel, or the Court if more-than-routine issues arise and cannot be avoided. The Court has similarly requested that the Government and defense counsel reach out often to the MDC to ensure Mr. Ulbricht's continued access over the coming months.

One final note. Mr. Ulbricht's counsel indicated that certain personnel seemed to be unaware of the procedures that were in place with regard to his access and were therefore not regularly providing the necessary accommodations. I obviously do not know the facts with respect to that statement, but wanted to bring the issue to your attention.

I am very appreciative of the MDC's willingness to work with the Court in this rather unusual situation.

Regards,

*K. B. For*

Katherine B. Forrest
United States District Judge