<div align="center">

LAW OFFICES OF
## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

</div>

JOSHUA L. DRATEL
—
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

September 3, 2014

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Ross Ulbricht*
                  14 Cr. 68 (KBF)

Dear Judge Forrest:

      This letter is submitted on behalf of defendant Ross Ulbricht, whom I represent in the above-entitled case, and constitutes an update to the Court on the discovery review process in anticipation of the next pretrial conference, scheduled for this Friday, September 5, 2014.

      Since the June 27, 2014, pretrial conference at which Mr. Ulbricht's issues with regard to discovery review were addressed, and the Court's subsequent correspondence with the Metropolitan Detention Center ("MDC"), Mr. Ulbricht generally has had, in a manner consistent with the procedures and schedule directed by the Court (with certain exceptions detailed below), access to the laptop and external hard drives that contain the discovery in his case, and which are stored in the visiting area at MDC. As other issues have arisen during the course of Mr. Ulbricht's review of the discovery, defense counsel and the government have endeavored cooperatively to resolve them as quickly and effectively as possible.

      For example, Mr. Ulbricht's review of the discovery uncovered a number of issues related to the software provided on the laptop and the files themselves. My associate, Lindsay A. Lewis, Esq., brought those issues to the government's attention when they arose (in mid- to late July). In turn, the government promptly dispatched an FBI agent to MDC to review those issues with Mr. Ulbricht and Ms. Lewis. As a result of that meeting, the government arranged with defense counsel and MDC to take possession of Mr. Ulbricht's laptop, Tuesday, August 5,

    LAW OFFICES OF  
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest  
United States District Judge  
Southern District of New York  
September 3, 2014  
Page 2 of 3

2014, for a few days in order to perform a series of nine tasks – including in key part the installation of additional software – agreed upon by counsel, and which would better facilitate Mr. Ulbricht's discovery review. The laptop was ultimately returned to MDC August 15, 2014 (after delays in the installation process which counsel worked together to resolve as efficiently as possible). However, due to a required security review of the laptop by the MDC Computer Services Department before it could be returned to the visiting area Mr. Ulbricht did not regain access to the laptop until August 20, 2014.

  Upon returning the laptop to the MDC, Assistant United States Attorney Serrin Turner provided Ms. Lewis an update August 18, 2014, regarding the government's ability to address the nine issues it had agreed to resolve. The government ostensibly resolved four of the nine issues by installing additional software on the laptop, and informed defense counsel that two other issues could be resolved if Mr. Ulbricht were provided (by the defense) external hard drives that could accommodate five additional terabytes of data. Those drives have been ordered, and should arrive Monday, September 8, 2014, at which time they will be delivered that day to the government.

  However, among the four issues that were the subject of additional software installation, Mr. Ulbricht still cannot utilize two programs/platforms: Oracle VM Virtual Box, which would enable Mr. Ulbricht to view virtual machine images related to the contents of his laptop computer, and SQL Maestro/MySQL Workbench, which would facilitate Mr. Ulbricht's review of the Silk Road marketplace database.

  While the government contends that Mr. Ulbricht cannot utilize Oracle VM Virtual Box because of the limited RAM on the laptop provided for his discovery review, and that he would be able to view the virtual machine images with Oracle VM Virtual Box if the defense provided him a computer with additional RAM, the defense's technical consultant (who is also a lawyer and has been involved in assisting Mr. Ulbricht with discovery review and analysis at MDC, as well as providing technical assistance to counsel), does not believe providing a computer with increased RAM would resolve the issue. In fact, a fix for this particular issue is not readily apparent at this time.

  Regarding SQL Maestro and MySQL Workbench, defense counsel has determined that Mr. Ulbricht cannot run SQL Maestro and MySQL Workbench because the MySQL server was not installed on the laptop. We have recently conveyed our view to the government that installation of the MySQL server would allow SQL Maestro and MySQL Workbench to run properly, and the government has agreed to install the requested server.

  In order to install the additional software, though, the government will once again need to take possession of the laptop it provided to Mr. Ulbricht for discovery review – although first the

<div style="display:flex;justify-content:space-between;">
<div>
LAW OFFICES OF<br>
**JOSHUA L. DRATEL, P.C.**
</div>
<div>
Hon. Katherine B. Forrest<br>
United States District Judge<br>
Southern District of New York<br>
September 3, 2014<br>
Page 3 of 3
</div>
</div>

defense and the government will determine whether any other work needs to be done to that laptop (in order to minimize the number of times the laptop needs to be taken from Mr. Ulbricht).

The above interruptions of Mr. Ulbricht's access to the laptop have of course impeded his review of discovery, and Mr. Ulbricht's discovery review will be further delayed when the government again takes possession of the laptop. The gross volume of the discovery, too, continues to present a substantial hurdle to Mr. Ulbricht's ability to review the discovery in full before trial. At his current pace, he estimates it will require an additional 400 hours for him to review the remaining TOR chat logs from his laptop. These chat logs, however, represent only a small portion of the remaining discovery. Mr. Ulbricht cannot even predict at this point how long it will take him to review the totality of what remains, given that this total includes such items as a three-terabyte image of one of the remote servers that Mr. Ulbricht could not decompress and view on the laptop provided by the government, and which will be decompressed and loaded on one of the external hard drives that have been ordered and should be available next week (as discussed **ante**).

Moreover, there is still uncertainty as to whether further discovery might be provided if the government performs, for instance, a forensic analysis of the Sandisk USB drive provided in discovery – as it told counsel August 18, 2014, that it would – which could reveal additional data.

Counsel will be prepared to address these issues at the pretrial conference scheduled for this Friday, September 5, 2014, at noon.

Respectfully submitted,

Joshua L. Dratel

JLD/lal

cc:     Serrin Turner
        Timothy Howard
        Assistant United States Attorneys