

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 9, 2014

By ECF
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, S1 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes to respond to the defendant's letter of August 22, 2014, requesting the use of a jury questionnaire at trial. For the reasons set forth below, the Government opposes the use of a jury questionnaire in this case. A jury questionnaire is unnecessary to the selection of a fair and impartial jury in this matter and carries significant disadvantages. Instead, it is the Government's preference to conduct jury selection in the usual manner – in the courtroom, where the parties will have the benefit of observing potential jurors as they respond orally to the *voir dire* conducted by the Court.

      "[I]t has long been the rule that 'judges have been accorded ample discretion in determining how best to conduct the *voir dire*.'" *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) (quoting *Rosales–Lopez v. United States*, 451 U.S. 182, 189 (1981). "[A] trial judge has broad discretion whether to pose a defendant's requested *voir dire* questions." *United States v. Salameh*, 152 F.3d 88, 121 (2d Cir. 1998) (quoting *United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994)). Similarly, "[w]hether to use a jury questionnaire is within the discretion of the Court." *United States v. Tomero*, 486 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (citing *United States v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991)); *see also Quinones*, 511 F.3d at 300 ("In approving the use of questionnaires as part of *voir dire*, we do not hold that district judges are ever obligated to make use of this procedure in selecting juries.") (citing *United States v. Salameh*, 152 F.3d at 120–21).

      The Court should exercise its discretion to deny defendant's request for a written jury questionnaire, for three reasons. First, there are no unusual factors making the use of a jury questionnaire – which is a deviation from the ordinary practice in this district – either necessary or appropriate. This will not be a particularly lengthy trial in which large numbers of potential jurors are likely to seek dismissal for that reason. Nor is there anything about the subject matter

of this trial that would cause potential jurors to be uncomfortable or unwilling to discuss their views in front of the parties in the courtroom. Indeed, even in cases where such issues were present, requests for jury questionnaires have been rejected. *See United States v. Harding*, 273 F. Supp. 2d 411, 429 (S.D.N.Y. 2003) (Kaplan, J.) (denying motion for use of questionnaire where defendant "failed to demonstrate that use of a written questionnaire is necessary to elicit honest and frank responses from prospective jurors concerning their ability to be fair and impartial when evaluating evidence concerning, for example, child pornography and homosexuality."). Ulbricht cites pretrial publicity as a reason for using a juror questionnaire, but many cases in this district receive substantial pretrial publicity, and even as to those, juror questionnaires are not ordinarily used. *See, e.g., United States v. Salameh*, 93 Cr. 180 (KTD), 1993 WL 364486, at *2 (S.D.N.Y. Sep. 15, 1993) (declining to use jury questionnaire despite high level of publicity in case charging defendants with bombing World Trade Center, because searching *voir dire* would suffice).

Second, the use of a questionnaire as proposed by the defendants would unnecessarily consume resources of the parties and the Court by significantly lengthening the jury selection process. The Government's experience in similar cases is that the Court must call in the prospective jurors at least a week in advance for the completion of the questionnaires. Moreover, once the questionnaires are completed, circulating the completed questionnaires among all counsel and the Court is a substantial administrative burden, reviewing the questionnaires is time-consuming for counsel and the Court, and the post-questionnaire process ends up being as long as the entire jury selection process would have been absent the use of questionnaires, due to the need to ask extensive follow-up questions.

Finally, the use of a questionnaire in this case would be counterproductive, by effectively providing potential jurors interested in avoiding jury service a ready means of doing so by advancing reasons why they should be excused without having to explain those reasons in person to the Court. Of equal importance, the use of a questionnaire would deny the parties the valuable information conveyed by observing each juror's demeanor as he or she orally responds to the Court's questions.

Even if the Court is inclined to consider the use of a questionnaire, there are significant problems with the questionnaire proposed by the defendants. The defendant's questionnaire is unnecessarily long – running 20 pages and including nearly 50 questions. In addition, a number of the questions seek information that have no bearing on the selection process, are needlessly intrusive and burdensome, and improperly attempt to foster bias.
.
Among other questions, the Government objects to questions 34 through 36 – which ask jurors to state whether they use a computer for personal or business use, how often they use the Internet, and whether they use the Internet for personal or business use. Although some inquiry into jurors' familiarity with computer technology is appropriate given the facts of this case, questions 33 and 37 in the defendant's questionnaire already adequately address this issue, by asking jurors to reveal how often they use a computer and which activities they use the Internet and/or a computer for. Questions 34 through 36 are unnecessarily cumulative in this regard.

Similarly, the Government objects to questions 36, 39, and 40 – which ask jurors to state whether they have ever advertised anything on the Internet for business purposes, to describe the any items they have ever bought or sold on the Internet, and to list the websites where they conducted these transactions. These questions call for jurors to reveal information about themselves that is potentially highly personal and burdensome – literally requiring them to reveal their entire transactional history on the Internet. At the same time, the need for these questions is entirely unclear. As best the Government can tell, the only purpose of the questions is to prime jurors for the argument the defense may intend to make at trial that Ulbricht was merely an administrator of an e-commerce website who cannot be held responsible for the conduct of its users. Such an interest in fostering favorable bias is of course not a proper basis for *voir dire*, particularly where it involves intruding on jurors' private lives. *See United States v. Barnes*, 604 F.2d 121, 140 (2d Cir. 1979) ("[A]s counsel seek more and more information to aid in filling the jury box with persons of a particular type whom they believe to be well disposed toward their clients, prospective jurors will be less than willing to serve if they know that inquiry into their essentially private concerns will be pressed.")

Finally, the Government objects to question 44, which asks jurors to state whether they have ever traveled outside the United States and to list each place that they have traveled and for what purpose. Again, this question is unnecessarily invasive of juror privacy. It is unclear why a juror's international travel history would have any relevance to this case.

Aside from deleting the foregoing objectionable questions, the Government also respectfully requests, in the event that the Court decides to use a juror questionnaire, that the Court include a question to identify any juror who has any views on drug legalization that may affect their ability to be a fair and impartial juror in this case. Specifically, the Government proposes inserting, at the end of question 30 in Ulbricht's proposed questionnaire, the following question: "In particular, do you have any views concerning drug laws or drug legalization that may affect your ability to be fair and impartial in this case?"

## CONCLUSION

For the reasons above, the Government requests that the Court not use a juror questionnaire in this matter and instead rely on the usual practice of courts in this district of conducting *voir dire* orally. In the alternative, the Government requests that the Court make the modifications described above to the juror questionnaire proposed by the defense.

> Respectfully,
>
> PREET BHARARA
> United States Attorney
>
> By: _____
> SERRIN TURNER
> TIMOTHY HOWARD
> Assistant United States Attorneys
> Southern District of New York

cc:   Joshua Dratel, Esq.
      Lindsay Lewis, Esq.