UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :

UNITED STATES OF AMERICA           :

        - v. -                              :        S1 14 Cr. 68 (KBF)

ROSS ULBRICHT,                         :
  a/k/a "Dread Pirate Roberts,"       :
  a/k/a "DPR,"                               :
  a/k/a "Silk Road,"                     :

        Defendant.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

On September 5, 2014, the Government filed a memorandum in opposition to Ulbricht's motion to suppress various evidence, including evidence recovered from the server that hosted the Silk Road website (the "SR Server"). The memorandum explained numerous reasons why Ulbricht's motion to suppress evidence from the SR Server fails on the merits, including: the SR Server was searched by foreign law enforcement authorities to whom the Fourth Amendment does not apply in the first instance; even if the Fourth Amendment did apply, its warrant requirement would be inapplicable given the SR Server's location abroad; and Ulbricht did not have any legitimate expectation of privacy in the SR Server in any event, given that it was ultimately controlled and subject to monitoring by a third-party provider. The Government respectfully submits this supplemental memorandum of law to raise one additional, threshold reason why Ulbricht's motion to suppress the contents of the SR Server should be denied: he has failed to establish standing to bring the motion in the first place.

A.   **Applicable Law**

Fourth Amendment rights are personal rights and may not be vicariously asserted. *See United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002). A defendant seeking to suppress evidence based on an alleged Fourth Amendment violation must therefore demonstrate that he had a reasonable expectation of privacy in the location or items searched. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Padilla*, 508 U.S. 77, 81 (1993) (per curiam). In order to meet this standard, the defendant generally must establish, at the outset, that he had a "property or possessory interest in the place searched or the items seized." *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir.1991) (citations omitted); *see also, e.g., United States v. Serrano*, No. 13 Cr. 58 (KBF), 2014 WL 2696569, at *4 (Jun. 10, 2014); *Guzman v. Sabourin*, 124 F. Supp. 2d 828, 834 (S.D.N.Y. 2000); *United States v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993).

The burden is on the defendant to prove the facts necessary to establish that his personal Fourth Amendment rights were violated. *See United States v. Paulino*, 850 F.2d 93, 96 (2d Cir.1988). That burden "is met only by sworn evidence, in the form of an affidavit or testimony, from the defendant or someone with personal knowledge." *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y.1995) (citations omitted); *see also*, *e.g.*, *Serrano*, 2014 WL 2696569, at *4 (citing *Ruggiero*, 824 F. Supp. at 391). An attorney's declaration is insufficient to make the requisite showing. *See Montoya-Eschevarria*, 892 F.Supp. at 106.

B.   **Discussion**

Ulbricht's motion fails to allege, much less prove, that he had any property or possessory interest in the SR Server, as required for him to move to suppress its contents. Nowhere does Ulbricht's motion assert that the SR Server belonged to him or was under his control. Nor does

he attach to his motion any sworn affidavit to this effect, from himself or any other affiant with personal knowledge, as would be required to properly support such assertions.

Although the Government's opposition papers cite evidence that Ulbricht leased and administered the SR Server, Ulbricht cannot rely on such evidence to carry his burden of establishing standing.  The Second Circuit has made clear that a defendant cannot have standing to challenge a search "merely because he anticipate[s] that the Government will link the objects recovered in that search" to him "at trial."  *United States v. Watson*, 404 F.3d 163, 166-67 (2d Cir. 2005) (citing *United States v. Singleton*, 987 F.2d 1444, 1449 (9th Cir. 1993) (holding that a district court may not grant a defendant standing to pursue a suppression motion "relying solely on the government's theory of the case," because to do so would amount to "an evisceration of the defendant's burden of proof as established by the Supreme Court")).

For this reason, district courts in this Circuit routinely reject efforts by defendants to establish Fourth Amendment standing based on the Government's allegations or evidence.  *See, e.g., Serrano*, 2014 WL 2696569, at *7 (Jun. 10, 2014) (holding that defendant could not establish standing to move to suppress cell phone location data by "rely[ing] on the Government's position that it intends to link the defendant to the cell phone at trial"); *United States v. Cody*, 434 F. Supp. 2d 157, 167 (S.D.N.Y. 2006) (holding that the fact that Government found defendant's fingerprints on bag and planned to link him to it at trial did not permit court to "ignore his refusal to claim ownership" of the bag); *Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) (holding that "defendant's unsworn assertion of the Government's representations does not meet [his] burden" of establishing standing).

Thus, to establish standing to move to suppress the SR Server and the communications from it that the Government seeks to use against him, Ulbricht would have to admit in a sworn

statement that he leased and administered the SR Server – in other words, that he was the administrator of the Silk Road website, as the Government alleges.  Because Ulbricht has failed to provide any such statement, his motion should be denied for this threshold reason alone.

## CONCLUSION

For the foregoing reasons, as well as the reasons asserted in the Government's initial memorandum, Ulbricht's motion to suppress should be denied.

Dated:  September 16, 2014  
       New York, New York

Respectfully submitted,

PREET BHARARA  
United States Attorney for the  
Southern District of New York

By:  /s/ Serrin Turner  
SERRIN TURNER  
TIMOTHY HOWARD  
Assistant United States Attorneys