**JOSHUA L. DRATEL, P.C.**
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL  STEVEN WRIGHT
—  *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

January 9, 2015

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Ross Ulbricht*,
       14 Cr. 68 (KBF)

Dear Judge Forrest:

  This letter is submitted on behalf of defendant Ross Ulbricht, whom I represent in the above-entitled case, in regard to a specific evidentiary issue flagged during the December 17, 2014, final pretrial conference: whether internet communications the government intends to introduce in evidence, *i.e.*, chats, forum posts, and e-mails, should be read by the jury and *not* read aloud by others.

  It is the defense's position that because such communications are created and intended to be *read*, and not spoken or heard, they should be transmitted to the jury in that fashion. The writer composes (and receives) with that in mind. *Any* inflection added by speaking – or even no inflection at all – distorts the medium and unavoidably creates an impression perhaps different from that intended by the creator of the communication, and/or from that of the recipient, who *read* that communication (and in many instances responded).

  Reading such communications aloud adds a dimension that did not exist for either the creator or recipient – who often engaged in a series of exchanges in either the same communication, or subsequent communications close in time – and therefore injects an element that was not present in the communication itself. Also, unlike an oral conversation, often a single party to the communication makes consecutive posts without any response by the other party.

| | |
|---|---|
| **LAW OFFICES OF**<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>January 9, 2015<br>Page 2 of 2 |

In that context, an oral presentation fails entirely to account for any time intervals between posts during such communications. Nor does an oral presentation capture pasted language (from another author) or other means of communicating via a visual medium that is not designed for oral adaptation.

In that regard, there are aspects of the written form that cannot be reliably or adequately conveyed orally. For example, a series of question marks ("???"), emoticons, dashes, abbreviations, shorthand, all capital letters, asterisks, parentheticals, misspellings (intentional or not) or distortions of words (*i.e.*, "soooo"), and other symbols or non-verbal characters created by the parties to such communications cannot be translated into speech.

Accordingly, for all these reasons, it is respectfully submitted that the written forms of communication should not be read aloud when admitted in evidence, but instead should be presented to and therefore assessed by the jury in their original form and the manner and means in which they were intended.

Respectfully submitted,

Joshua L. Dratel

JLD/
cc: Serrin Turner
Timothy T. Howard
Assistant United States Attorneys