

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 30, 2015

By ECF

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

          Re:    *United States v. Ross William Ulbricht*, S1 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government submits this letter to provide additional materials regarding the proposed jury charge concerning variances in dates. In addition, the Government respectfully requests that the Court set a deadline for the defendant to disclose its exhibits to the Government by noon on Saturday, January 31, 2015 (approximately 48 hours in advance of the likely commencement of the defense case) in order to permit the Government to submit objections in advance and therefore allow for the case to proceed efficiently.

A.    **The Charges Should Include an Instruction that the Government Need Only Prove the Existence of the Charged Conspiracy Within the Date Range Set Forth in the Indictment**

      With respect to the instruction on variances in dates, the proposed jury charge simply indicates that the Government is required to prove that there is "a substantial similarity between the dates alleged and the dates established by the evidence." The Government need only prove the existence of the charged conspiracy within the date range set forth in the indictment. *See United States* v. *Heimann*, 705 F.2d 662, 666 (2d Cir.1983) ("with respect to allegations of time," the proof may "vary from the indictment provided that the proof f[alls] within the period charged"); *United States* v. *Postma*, 242 F.2d 488, 496-497 (2d Cir. 1957) (affirming conviction where evidence showed conspiracy beginning seventeen months after the time date alleged in the indictment because "the conspiracy fell within the period charged" and noting that the issue was not addressed in the panel's initial decision because the defendant's challenge to the conviction was "too specious to need discussion"); *United States* v. *Farhane*, 634 F.3d 127, 174 (2d Cir. 2011) (Raggi, J., concurring in part) ("[T]he jury could not convict [the defendant] of conspiracy except upon proof beyond a reasonable doubt, but it could make that finding with respect to any

time within the charged period."); *see also United States* v. *Wilson*, 134 F.3d 855, 865 (7th Cir.1998) ("If the conspiracy charged in the indictment includes the smaller conspiracy found by the jury, then the variance will not be fatal, since the indictment would have sufficiently notified the defendants of the Government's accusations."); *United States* v. *Queen*, 132 F.3d 991, 999 (4th Cir.1997) ("[T]he trier of fact may find that the starting date of a conspiracy begins anytime in the time window alleged, so long as the time frame alleged places the defendant sufficiently on notice of the acts with which he is charged"); *United States* v. *Ortiz*, 666 F.Supp.2d 399, 404 (S.D.N.Y. 2009) ("Variances within the charged period are non-prejudicial because they do not infringe on the 'substantial rights' that indictments protect-namely, informing the accused of the charges against him and avoiding double jeopardy.").

For example, in *United States* v. *Valencia*, 226 F. Supp. 2d 503 (2002), *aff'd* 100 Fed. Appx. 17 (2d Cir. 2004) (summary order), Judge Chin explained that "[t]he evidence at trial showed narcotics activity only from July 25 through July 29, 1997, or just five days out of the nineteen months charged in the indictment.  Nonetheless, all the Government need do is prove that the conspiracy fell within the period charged." 226 F. Supp. 2d at 508 n.3.

Accordingly, the Government respectfully requests that the instruction on "Variance in Dates" (page 89 of the jury charge) be revised to read as follows:

> The Indictment alleges that certain conduct occurred on or about various dates or during various time periods.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly when the Indictment alleges.  As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

This tracks language repeatedly used in jury charges in this District, including this Court.  *See, e.g.*, the charge of this Court in *United States* v. *David Norman*, 07 Cr. 961 (2013); the charge of the Honorable Cathy Seibel in *United States of America* v. *Lagares*, 10 Cr. 392 (2011); the charge of the Honorable Paul A. Crotty in *United States of America* v. *Amaury Lopez, Jr.*, 10 Cr. 798 (2011); the charge of the Honorable P. Kevin Castel in *United States of America* v. *Moussa Camara*, 09 Cr. 1076 (2010); the charge of the Honorable Denny Chin in *United States of America* v. *Angel Martinez*, 06 Cr. 987 (2009); *see also United States* v. *Rivera*, 376 F.3d 86, 89 (2d Cir. 2004) (quoting Judge Kram's jury charge that "'[i]t is sufficient if you find that in fact a conspiracy was formed and existed for some time within the period set forth in the indictment.'").

**B.     The Government Requests that the Court Set a Deadline for the Disclosure of Defense Exhibits Prior to Trial**

Based on representations made by defense counsel at trial, the Government believes that the defendant intends to offer exhibits in its defense case, including, among other things, documents that were recovered from the defendant's laptop and the Silk Road servers.  The Government respectfully requests that the Court establish a deadline for the disclosure of defense exhibits of noon on Saturday, January 31, 2015, which is approximately 48 hours prior to the

anticipated commencement of the defense case on Monday, February 2, 2015. Such disclosure will allow the Government to review the exhibits in advance and provide advance notice of any objections to the Court. This will permit the proceedings and the jury's time to be used in the most efficient manner possible. The Government notes that it provided its initial disclosure (including hundreds of exhibits) to the defendant on December 3, 2014, approximately five weeks prior to the commencement of trial, and the procedure worked well to allow the Court to resolve disputes in advance. The Government seeks a reciprocal opportunity to provide advance notice of its objections to defense exhibits.[1]

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court modify the variances in dates instruction to indicate that any conduct within the alleged time period is sufficient to support the charges in the Indictment. Further, the Government respectfully requests that the Court set a January 31, 2015 deadline for the defendant to produce exhibits to the Government.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
TIMOTHY T. HOWARD
SERRIN TURNER
Assistant United States Attorneys
Southern District of New York

cc:   Joshua Dratel, Esq.

---

[1] Counsel for the defendant has made repeated complaints regarding additional Government exhibits that have been produced to the defendant following the initial disclosure. Since the original disclosure on December 3, 2014, the Government has promptly produced revised or new exhibits in a prompt manner to defense counsel, as decisions were made to add them as exhibits. Many exhibits were added in response to arguments advanced by the defendant in opening statement and during trial. In any event, added exhibits were generally similar in nature to exhibits that had been produced as of the initial disclosure on December 3, 2014, and, accordingly, the general nature of defense objections were known to the parties and the Court for a significant period of time. Therefore, the parties had ample opportunity to resolve those issues in advance with the Court.

3