LAW OFFICES OF

# JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK  10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                           STEVEN WRIGHT
—                                                                           *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

January 30, 2015

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:   *United States v. Ross Ulbricht*,
                 14 Cr. 68 (KBF)

Dear Judge Forrest:

      This letter is submitted with respect to the proposed Requests to Charge, and addresses the following issues:  (1)  the government's objection to the Court's proposed instruction regarding multiple conspiracies;  (2)  the government's proposed instruction regarding withdrawal;  (3)  whether there is liability for aiding and abetting a conspiracy and, conversely, whether there can be a conspiracy to aid and abet;  and (4)  whether the instructions should require the government to specify the conduct constituting the "series" of violations that constitute an essential element of Count Four.

      In addition, as detailed below, this letter includes a proposed defense instruction with respect to Spoliation of Evidence.

**I.**    *The Court Should Retain Its Proposed Instruction Regarding Multiple Conspiracies*

      Regarding the Court's proposed instruction with respect to multiple conspiracies, one issue contested by the government – whether the instruction is applicable in a single-defendant prosecution – has already been decided by the Court.  In *United States v. Serrano*, 2015 WL 81974, at *5 (S.D.N.Y. January 6, 2015) – ignored by the government in its January 28, 2015,

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 2 of 8

letter – the Court entertained a multiple conspiracies argument in a single-defendant prosecution and concluded that if the evidence demonstrates the existence of multiple conspiracies, the possibility of prejudice is foreclosed only "if [the multiple conspiracies established at trial] could properly have been joined in the indictment," in other words, if there "is sufficient proof of mutual dependence and assistance").

Thus, a multiple conspiracies instruction is not *per se* unavailable in a single-defendant trial. Also, if the evidence at the trial of a single defendant establishes the existence of multiple conspiracies, the possibility of prejudice may arise from the "deprivation of the right to be tried only on charges presented in an indictment returned by a grand jury," *United States v. Anguiano*, 873 F.2d 1314, 1320 (9th Cir. 1989), or from the possibility that evidence admitted under the umbrella of a single overarching conspiracy may have otherwise been inadmissible, *see United States v. Ling*, 172 F. App'x 365, 366 (2d Cir. 2006), or because the "case . . . involve[d] separate criminal networks operating independently of one another." *United States v. Medina*, 944 F.2d 60, 64–65 (2d Cir.1991). None of those bases for a multiple conspiracies charge distinguish between a single-defendant trial and those involving multiple defendants.

In addition, as noted in *United States v. Reid*, 475 F.App'x 385, 388 (2d Cir. 2012), while the possibility of substantial prejudice resulting from the failure to give a multiple conspiracies instruction may be "undermine[d]" by the fact that there was a single defendant, it is not foreclosed, and especially so when, as here, the facts are so materially different from practically every case cited by the government. *United States v. Reid*, 475 F. App'x 385, 388 (2d Cir. 2012).

In fact, here the Court, discussing the issue of single as opposed to multiple conspiracies, noted during the December 15, 2014, pretrial conference that

> THE COURT: *One of the issues here is, there is no fact pattern that's anywhere close to this*. The closest that you might come is in some organized crime where somebody is involved in a whole series of RICO, charged RICO acts and is part of an overall conspiracy and some participants in certain RICO acts are unaware of others in other RICO acts but there is one person sitting on top. But *I read just dozens and dozens and dozens of cases, many of which are cited in the opinion on the motion to dismiss, and I can't find anything that's really close*. I can find bits and pieces that I've obviously woven together. If you have anything in your arsenal of cases that you think is helpful in terms of this, you know, somebody who is charged with an overarching drug distribution enterprise of a myriad of drugs, anything

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 3 of 8

> close, that would be helpful. There wasn't really occasion,
> I think, in the motion to dismiss for you folks to have done
> that much digging because I think I focused on something
> that was only a minor point during that motion practice.

Transcript, December 15, 2014, at 12-13 (emphasis added).

      In that context, all of the cases cited by the government present ordinary conspiracies, fact patterns, and arguments, and are therefore inapposite. *See, e.g., United States v. Sir Kue Chin*, 534 F.2d 1032, 1034 (2d Cir. 1976) (request for multiple conspiracies instruction premised on argument that two of the co-conspirators in three-member conspiracy did not know each other); *United States v. Corey*, 566 F.2d 429, 431 n.3 (2d Cir. 1977) (multiple conspiracy charge not warranted in case in which conspiracy involved transactions with two defrauding suppliers from whom the defendant accepted kickbacks for cooperating in short shipments and overbilling of his employer); *United States v. Atkins*, No. 10 CR 391-04 CM, 2012 WL 1415625, at *2 (S.D.N.Y. Apr. 19, 2012) (rejecting defendant's argument pursuant to Rule 29, Fed.R.Crim.P., that evidence at trial was not sufficient to establish single narcotics conspiracy involving five named conspirators operating primarily on one block, as charged in the Indictment, and also noting that the defendant waived any right to this instruction since he did not request it at trial); *United States v. Magassouba*, No. 03 CR 985 (RPP), 2010 WL 624284, at *9 (S.D.N.Y. Feb. 22, 2010) aff'd, 433 F. App'x 10 (2d Cir. 2011) (in response to the defendant's Rule 33 argument that the Court should have given a multiple conspiracies instruction, Court found that the given jury instruction – that the jury must find that the "object of the conspiracy was to distribute or possess with intent to distribute heroin," and not any other narcotic, and that the defendant "entered into a conspiracy with Falou Ndiaye" voluntarily and deliberately with "knowledge" of the objective – was sufficient to eliminate the possibility of confusion or prejudice); *United States v. Martin*, 618 F.3d 705, 735-36 (7th Cir. 2010), *as amended* (Sept. 1, 2010) (in rejecting defendant's argument that he was entitled to a multiple conspiracies charge, Court found that the evidence, namely that the defendant conceded "that he conspired to distribute narcotics with [a co-conspirator], along with the evidence that [the defendant] fronted narcotics to other co-conspirators with knowledge that the narcotics would be distributed, essentially preclude[d] a theory of multiple conspiracies," noting that "[t]he nonexistence of multiple conspiracies may be so obvious that the jury need not be instructed on that issue"); *United States v. Richardson*, 532 F.3d 1279, 1290 (11th Cir. 2008) (rejecting defendant's multiple conspiracies charge argument that his drug relationship with one of the witnesses that testified against him lasted from 1989 to 1993 and constituted a separate conspiracy from his drug relationships with the other witnesses, none of whom knew the first witness, which lasted from 1992 to 2001, although concluding that at most, the defendant would have been entitled to exclusion of the evidence related to his relationship with the first witness if the Court had concluded that the evidence at trial established more than one conspiracy).

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 4 of 8

Consequently, it is respectfully submitted that the Court should include in the jury charge its proposed instruction regarding multiple conspiracies.

## II.     *The Government's Instruction Regarding Withdrawal Should Be Modified*

As a threshold matter, the government's proposed instruction regarding withdrawal is inappropriate because Mr. Ulbricht does not intend to interpose the defense of withdrawal. Thus, an instruction on a legal principle irrelevant to the jury's deliberations will serve only to confuse the jurors, particularly since it introduces dramatically different concepts with respect to which party assumes the burden of proof. Indeed, such instructions might unduly place in the jury's mind a burden on the defendant that does not exist in the context of the arguments by the defense for acquittal.

Even if such an instruction were appropriate, the government's proposed instruction regarding withdrawal is defective because it omits the following important language:

> Silence by the defendant about the conspiracy after his resignation cannot be considered by the jury as evidence of his continuing participation.

*See United States v. Steele*, 685 F.2d 793, 803 (3d Cir. 1982).

As a result, it is respectfully submitted that the government's proposed instruction regarding withdrawal be deleted from the Court's charge, or at least modified.

## III.    *Any References to Potential Liability for Aiding and Abetting a Conspiracy or Conspiring to Aid and Abet Should Be Deleted*

The concepts of criminal liability for either "aiding and abetting a conspiracy" or "conspiring to aid and abet" attempt to span a legal and logical chasm that cannot be traversed. In both instances, the attenuation from cognizable criminal conduct and liability is simply too substantial to permit criminal liability. As a result, it is respectfully submitted that any references to either theory of liability be deleted from the Court's charge.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 5 of 8

### A.   *Aiding and Abetting a Conspiracy*

Regarding "aiding and abetting a conspiracy," the Second Circuit, in *United States v. Perry*, 643 F.2d 38 (2d Cir. 1981), reasoned that there existed

> a difference between punishing an agreement to commit an act intended to aid another crime (a "conspiracy to aid and abet") and imposing conspiratorial liability on one who, without agreement, merely assists conspirators in achieving their object (an "aiding and abetting of a conspiracy"). While the first is appropriate, . . . the second is not.

*Id.*, at 46-47, *citing United States v. Middlebrooks*, 618 F.2d 273, 278-79 (5th Cir.), *modified in part*, 624 F.2d 36 (5th Cir. 1980).

Thus, "aiding and abetting a conspiracy" is not a recognized or valid form of criminal liability. As a result, it is respectfully submitted that any references thereto in the Court's charge should be deleted.[1]

### B.   *Conspiracy to Aid and Abet*

While in *Perry* (in an unusual opinion in which, as the Court noted during the January 29, 2015, charge conference, Judge Oakes wrote for the Court but noted that his reason and rationale for affirming the convictions in that case differed from that of his two colleagues) the Court permitted a conspiracy to aid and abet, it did so without frontally addressing a fundamental problem with that conclusion: aiding and abetting under 18 U.S.C. §2 defines a *theory of liability* and *not* an offense.

---

[1] The principle of aiding and abetting, by its very definition, requires a *completed* offense. *See* Requests to Charge, at 38. While a conspiracy is technically complete upon conspirators reaching an agreement, aiding and abetting contemplates and requires assistance to an offense consummated by conduct, rather than an inchoate crime such as conspiracy. Indeed, the assertion that a defendant can aid and abet an *agreement*, as opposed to the conduct that constitutes a substantive offense, stretches aiding and abetting beyond its logical and legal limits. Conspiracy is already sufficiently broad, and attenuating liability further from criminal conduct itself is not only unwarranted doctrinally, but would also in this case deny Mr. Ulbricht Due Process. *See Double Inchoate Crimes*, 26 HARV.J. ON LEGIS. 1, 34 n.148, 116 (Winter 1989), by Professor Ira P. Robbins, Barnard T. Welsh Scholar and Professor of Law and Justice at The American University, Washington College of Law.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 6 of 8

Conspiracy, however, requires an agreement to commit *a crime*. Thus, merely agreeing to aid and abet is not an agreement to commit an offense. In fact, merging aiding and abetting and conspiracy would irremediably undermine the instructions regarding the elements of conspiracy: agreement to commit the underlying (object) offense, and knowing and intentional *participation* in the conspiracy. Again, as noted **ante**, at n.1, adding a layer of attenuation to an already inchoate crime – conspiracy – presents insoluble Due Process problems.

Accordingly, it is respectfully submitted that all references in the jury charge to any "conspiracy to aid and abet" should be deleted.

### IV. *The Instructions Should Require the Government to Specify the Conduct Allegedly Constituting the "Series" of Violations That Comprise An Element of Count Four*

In resisting specification of the series of violations that constitute an essential element of Count Four, which charges a violation of 21 U.S.C. §848(a), the government seeks to convert the lenient pleading requirements applicable to an indictment into a dilution of the government's burden of proving each element of the offense beyond a reasonable doubt.

Yet the Supreme Court has indisputably determined that the clause "continuing series of violations" refers to an essential element composed of a particular minimum set of transactions about which a jury must be unanimous in order to find a violation of the statute. *Richardson v. United States*, 526 U.S. 813, 824 (1999) (jury may not simply agree that defendant committed three underlying crimes but must unanimously agree on which of the three or more individual violations constituted the "continuing series"). *See also United States v. Joyner*, 313 F.3d 40, 47-48 (2d Cir. 2002) (jurors "must unanimously agree about which violations a defendant committed before it may convict a defendant of a" Continuing Criminal Enterprise); *Romero v. United States*, 2001 WL 921167, at *8 (S.D.NY. August 15, 2001), *rev'd upon reconsideration*, - 2003 WL  (S.D.N.Y. 2003), *aff'd on other grounds*, 118 Fed. Appx 528 (2d Cir. 2004).

Also, with respect to Count Four, the jury should be instructed that aiding and abetting liability does not apply to Count Four – a defendant cannot aid and abet a Continuing Criminal Enterprise. *Joyner*, 313 F.3d at 47.

Accordingly, it is respectfully submitted that the government must specify the offense conduct constituting the "series" of violations underlying that essential element of Count Four.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
January 30, 2015
Page 7 of 8

**V.**   *The Court Should Include the Defense's Proposed*
      *Instruction Regarding Spoliation of Evidence*

The evidence at trial – through the testimony of FBI Special Agent Forensic Examiner Christopher J. Beeson and FBI Computer Scientist Thomas Kiernan – established that the FBI computer forensics team "crashed" the hard drive of the laptop seized from Mr. Ulbricht, and thereby permanently lost data and information relevant to the laptop's random access memory ("RAM") running at the time of the laptop's seizure.

As a result, through that conduct, evidence was unavailable to the defense, and an instruction regarding spoliation of evidence is warranted. *See United States v. Laurent*, 2010 U.S. App. LEXIS 12449 (1st Cir. June 17, 2010) (when there is evidence which could lead a reasonable jury to find that evidence favorable to one side has been destroyed by the other, the instruction is warranted).

The Second Circuit, in *Reilly v. Nat West Market Group Inc.*, 181 F.3d 253 (2d Cir. 1999), ruled that the adverse inference instruction is warranted even if the failure to produce evidence amounts only to gross negligence not rising to the level of bad faith. *Id.*, at 267-68. *See also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101, 108-10 (2d Cir. 2002) (negligence in the destruction of evidence is sufficient to warrant an adverse inference instruction when the evidence favored the party affected by the destruction).

The following proposed instruction is adapted from 4 L. Sand et al., Modern Federal Jury Instructions §75.01 (Instruction 75-7), at 75-16 to -18:

**FAILURE TO PRODUCE EVIDENCE:  SPOLIATION INSTRUCTION**

> You have heard testimony about evidence which has not been produced, specifically the random access memory running on the laptop computer seized from Mr. Ulbricht at the time of his arrest. Counsel for defendant has argued that this evidence was in the prosecutor's control and would have proven facts material to the matter in controversy.
>
> If you find that the prosecutor could have produced this evidence, and that the evidence was within his or her control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the government.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>January 30, 2015<br>Page 8 of 8 |

> In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you.  You may also consider whether the government had a reason for not producing this evidence that was explained to your satisfaction.  Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

Accordingly, it is respectfully requested that the Court include the spoliation instruction in its charge to the jury.

## Conclusion

Accordingly, for all these reasons, it is respectfully submitted that in its charge to the jury the Court (1)  include its proposed instruction regarding multiple conspiracies;  (2)  eliminate or modify the government's proposed instruction regarding withdrawal as set forth above;  (3)  eliminate any reference to liability for aiding and abetting a conspiracy, or conspiracy to aid and abet; (4)  include an instruction requiring specificity with respect to the "series" of violations that constitute an element of Count Four;  and (5)  include the proposed instruction regarding Spoliation of Evidence set forth above.

Respectfully submitted,

*/s/ Joshua L. Dratel*

Joshua L. Dratel

JLD/
cc:   Serrin Turner
      Timothy T. Howard
      Assistant United States Attorneys