

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 30, 2015

By Email
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes respectfully to respond briefly to the defendant's letter submitted earlier today concerning the Court's proposed jury instructions.

      First, as to the issue of a "multiple conspiracies" instruction, the Court specifically asked the defense for citations to cases adopting a "multiple conspiracies" instruction in the context of a single-defendant prosecution. The defense has cited none. Instead, the defense cites *United States v. Serrano*, 2015 WL 81974 (S.D.N.Y. Jan. 6, 2015), which that it is strains to characterize as having "entertained" such an instruction in the context of a single-defendant prosecution. However, in *Serrano*, the Court rejected a "multiple conspiracies" instruction, based on the same Second Circuit case law cited by the Government in its January 28, 2015 letter.

      Second, as to the issue of the withdrawal instruction requested by the Government, the instruction is appropriate regardless of whether the defense specifically intends to frame its closing argument in the language of withdrawal. Indeed, the Government's concern is that the defense is seeking to make what could easily be interpreted by the jury as a withdrawal defense without meeting the demanding standards required for such a defense. In order to avoid the possibility of the jury misunderstanding the legal requirements and ramifications of a withdrawal defense in the event that they do so interpret the defendant's position, the jury should be properly instructed on the issue. Accordingly, the Government respectfully requests that the Court adopt the withdrawal instruction proposed by the Government, without modification. The modification requested by the defense does not reflect the law of this circuit, which clearly holds that a defendant's participation in a conspiracy is presumed to continue unless and until he withdraws, and that "[m]ere cessation of the conspiratorial activity" by the defendant "is not sufficient to prove withdrawal." *United States v. Leslie*, 658 F.3d 140, 143 (2d Cir. 2011); *see also United States v. Flaharty*, 295 F.3d 182, 192 (2d Cir. 2002).

Third, as to the defense's request to delete any references to liability for "aiding and abetting a conspiracy" or "conspiring to aid and abet," to be clear, the Indictment does not allege, and the jury charges do not provide instructions on, any charge of "aiding and abetting a conspiracy." That concept is simply not in play here. In contrast, the Indictment *does* allege "conspiracy to aid and abet" as a theory of liability (for several of the charges), as has been very clear ever since the Indictment was filed in August 2014. The time has *long* since passed for the defense to move to dismiss those charges, which are explicitly spelled out in the Indictment. And in any event, as the defense appears to concede, conspiracy to aid and abet has been specifically approved by the Second Circuit as a valid theory of criminal liability. *See United States v. Zambrano*, 776 F.2d 1091 (2d Cir. 1985); *United States v. Orozco-Prada*, 732 F.2d 1076, 1080 (2d Cir. 1984); *United States v. Perry*, 643 F.2d 38, 44 (2d Cir. 1981); *see also United States v. Padilla*, 205 F.3d 1326 (2d Cir. 2000) (affirming conviction for "conspiracy to aid and abet the distribution of heroin"); *United States v. Clark*, 765 F.2d 297 (2d Cir. 1985) (affirming conviction for conspiracy to aid and abet bank officer's misapplication of federally insured bank funds). The defense may not agree with these precedents, but the defense is not entitled to instructions based on the law as it wishes it to be.

Fourth, as to whether the Government must somehow specify particular criminal acts the jury must find in order to convict on Count Four, the defense does not cite to any case so holding, and the Government is aware of none. The cases cited by the defense instead stand for the much different proposition that, in deciding *for itself* what acts may constitute the "continuing series" of narcotics violations required to convict on Count Four, the jury must unanimously agree on at least three such acts. The jury instructions already make this clear. There is no basis, however, to limit the acts that the jury may consider in deliberating on the issue in the first place.

Finally, the Court should not include a "spoliation" instruction – which the defense in now requesting for the first time – regarding the random access memory ("RAM") on the defendant's laptop. "A party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense that a reasonable trier of fact could find that it would support a claim or defense." *United States v. Garcia*, 2015 WL 75084, at *1, No. 14-0207-cr (2d Cir. Jan. 7, 2015). In order to satisfy the second prong of this standard, a party requesting the instruction must establish that the evidence is unavailable "due to negligence, gross negligence, or intentional behavior." *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107-08 (2d Cir. 2002).

There is absolutely no evidence here – as it is the defense's burden to show – that the RAM on the defendant's computer was "destroyed" due to negligent or intentional behavior. Rather, the record reflects that FBI Special Agent Forensic Examiner Christopher Beeson took steps to diligently preserve and image the laptop, including the RAM. *See* Tr. 1216:8-1216:13; 1243:17-25. He testified that the order of imaging the laptop—starting with the hard drive, before moving on to attempt a capture of the data stored in RAM—was "carefully selected." *See* Tr. 1216:24. Indeed, had Special Agent Beeson tried to image the RAM before the hard drive data, the system could have crashed, requiring a re-boot into an encrypted state, leaving the FBI

unable to obtain *any* data from the computer, from the hard drive or otherwise. *See Tr.* at 1036:24-1037:4. Special Agent Beeson therefore appropriately attempted to capture RAM – a volatile part of the computer – only after securing a copy of the contents of the hard drive. He enlisted assistance in that operation and documented all of his work. Although the RAM was only partially recovered, there is no evidence that the failure to recover all the RAM was the result of any wrongful conduct by Special Agent Beeson.

Nor does the defense have any basis to assume that any of the unsuccessfully recovered RAM contained relevant evidence that would support a defense – in particular any evidence of malware. Indeed, as Computer Scientist Thomas Kiernan was prepared to testify on redirect, there was no evidence of any malware found on the image that was made of the defendant's hard drive. For the defense to claim that such evidence could have been contained in RAM is completely speculative. *Dilwoth v. Goldberg*, 3 F. Supp. 3d 198 (S.D.N.Y. 2014) ("[S]peculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence"); *Khaldei* v. *Kaspiev*, 961 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (denying motion for spoliation sanctions where "actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation"); *see also Turner* v. *Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 77 (S.D.N.Y. 1991) (where there is no evidence of willful spoliation, "some extrinsic evidence of the content of the evidence is necessary" to support an inference that material evidence was lost).

Accordingly, the defendant's request for a spoliation instruction should be denied.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
SERRIN TURNER
TIMOTHY HOWARD
Assistant United States Attorneys
Southern District of New York

cc:   Joshua Dratel, Esq.