

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 31, 2015

By Email
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes respectfully to move to preclude the testimony of Steven M. Bellovin, first noticed by the defense as an expert in a letter sent to the Government last night ("Defense Letter," attached as Ex. A).

      As set forth below, this expert notice, submitted in the eleventh hour, does not identify the opinions to be offered by Mr. Bellovin, or the bases or reasons for those opinions, and thus does not comply with Rule 16(b)(1)(C). Without that required information, neither the Government nor the Court is in a position to evaluate whether Mr. Bellovin's opinions require specialized knowledge, are based upon facts or data of a type reasonably relied upon by experts, or are the product of reliable principles and methods. Nor is there a basis to evaluate whether Mr. Bellovin's testimony would be relevant and helpful to the jury, or whether the testimony would be improperly unfairly prejudicial under Rule 403. Compounding these deficiencies is the fact that the notice is extraordinarily late, coming on the eve of the defense case, thus leaving no time for the Government to hire its own expert in order to prepare an effective cross-examination and put on a rebuttal case. The defense has no excuse for waiting until this stage of the proceeding to notice an expert, as the defense has had months to plan its affirmative case.

## Applicable Law

**A.    Rule 702**

      Rule 702 of the Federal Rules of Evidence provides:

      If scientific, technical, or other specialized knowledge will assist the trier of fact
      to understand the evidence or to determine a fact in issue, a witness qualified as

>an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The party that proffers the testimony bears the burden of showing that it is admissible. *See Bourjaily v. United States*, 483 U.S. 171, 172-73 (1987). The District Court's exclusion of expert testimony will be affirmed unless it constitutes an abuse of discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

A threshold issue is whether the witness is "qualified as an expert" to render the proposed opinion. *See Nimley v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005). Expert testimony is admissible only if the trial court determines that it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *see Kumho Tire Company, Inc. v. Carmichael*, 526 U.S. 137 (1999). Specifically, in *Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. "*Daubert* applies to both defense and government experts." *United States v. Yousef*, 327 F.3d 56, 148 (2d Cir. 2003).

In *Joiner*, the Supreme Court explained that "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." 522 U.S. at 146. For example, in *Kumho Tire*, the Court upheld the exclusion of an expert's testimony that a defect caused a tire's tread to separate from the rest of the tire, because the expert's theories could not reliably determine the cause of the separation in the tire at issue. 526 U.S. at 154-55; *see also Amorgianos* v. *Romano Enterprises*, 303 F.3d 256, 267 (2d Cir. 2002) (district court should undertake a rigorous examination of the facts on which the expert relies, the expert's methodology, and the application of that methodology to the facts).

Applying Rule 702, the Court must determine whether the expert's reasoning and methodology underlying his testimony is valid, and whether that reasoning or methodology was applied reliably to the facts, so as to be relevant and helpful to the jury. See *Kumho Tire Co.*, 526 U.S. 137. The fact that an expert may generally possess "specialized knowledge" does not automatically render his opinions in this case reliable. *See SEC v. Lipson*, 46 F. Supp. 2d 758, 761 (N.D. Ill. 1998) (fact that witness is a certified public accountant, generally possessing the "specialized knowledge" to qualify as an expert witness, does not automatically render his opinions reliable).

Expert testimony is inadmissible when it addresses "lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help." *Andrews* v. *Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). In addition, as a general matter, trial courts should exclude expert testimony that "expresses a legal conclusion." *Hygh* v. *Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992)." *Id.* As the Second Circuit explained, "[e]ven if a jury were not misled into adopting a legal conclusion proffered by an expert witness, the testimony would

remain objectionable by communicating a legal standard—explicit or implicit—to the jury." *Id*. at 364.  Further, an expert "is not qualified to compete with the judge in the function of instructing the jury." *Id*.

The party seeking admission of expert testimony must demonstrate that the testimony is based on the witness's specialized knowledge.  *See United States* v. *Mejia*, 545 F.3d 179, 196 (2d Cir. 2008) (district court erred in allowing expert testimony "about matters that required no specialized knowledge").  Expert testimony is inadmissible when it merely addresses "lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help."  *Andrews* v. *Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989).  The Second Circuit has warned against the "uncontrolled" use of expert testimony that might have the effect of providing "an additional summation by having the expert interpret the evidence."  *United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987).  A district court must therefore be vigilant to prevent an expert from coming "usurping the jury's function."  *Id*.

**B.    Rule 703**

Rule 703 of the Federal Rules of Evidence precludes an expert from disclosing to the jury "[f]acts or data that are otherwise inadmissible" unless the court determines that their probative value substantially outweighs their prejudicial effect, and the facts or data must be "of a type reasonably relied upon by experts in the particular field forming opinions or inferences upon the subject."  Experts cannot be used as a substitute to calling witnesses to the events or facts at issue.  For example, in *United States v. Zafar*, 291 Fed. Appx. 425, 427 (2d Cir. 2008), the Second Circuit affirmed the district court's exclusion of the defendant's proposed expert testimony about the use of stock-selection software found on the defendant's computer in a securities fraud case.  There was no evidence that the defendant actually used that software for stock trading at the time of the charged offenses.  *Id*.  The Court affirmed the district court's decision, because the defense expert was not trying "to show the jury how the software worked but to insinuate what had happened with respect to the relevant stock trades, a subject on which [the expert] was not a competent witness." *Id*.

**C.    Rules 401 and 403**

Rules 401 and 403 of the Federal Rules of Evidence provide that evidence is admissible when it tends to make the existence of any fact that is of consequence more or less probable than it would be without the evidence, but that the evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice, confusion of the issues, and misleading the jury.  "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert,* 509 U.S. at 595.

**D.    Rule 16**

A defendant must "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as

3

evidence at trial." Fed. R. Crim. P. 16(b)(1)(C). "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* As the Advisory Committee notes to Rule 16 explain, the disclosure requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Ferguson*, 3:06 Cr. 137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (citation omitted). "If a defendant fails to provide disclosures in accordance with Rule 16(b)(1)(C), the district court may exclude the expert's testimony at trial." *United States v. Valle*, No. 12 Cr. 847(PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013); *see also United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *2 (S.D.N.Y. Feb. 25, 2011) (observing that it "is apparent from the face of the text of Rule 16 . . . that the court may impose sanctions where 'a party fails to comply with th[e] rule.'" (quoting Fed. R. Crim. P. 16(d)(2)); *Ferguson*, 2007 WL 4539646, at *1 (same);. . "A court may preclude the testimony as a whole, or any part that it determines was not properly disclosed to the Government." *United States v. Mahaffy*, No. 05 Cr. 613, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007)

## Discussion

### A. Mr. Bellovin's Testimony Should Be Excluded Because the Expert Notice Fails to Comply with Rule 16(b)(1)(C)

The notice provided by the defendant regarding Mr. Bellovin is vague, open-ended, and plainly insufficient under the Federal Rules of Criminal Procedure, as it merely provides a list of topics the defense seeks for Mr. Bellovin to testify about, without indicating anything regarding the "opinions" plans to offer on those topics, or "the bases and reasons for those opinions." Fed. R. Crim. P. 16(b)(1)(C). The notice simply lists broadly defined areas of testimony, described as: (1) "[g]eneral principles of internet security and vulnerabilities"; (2) "the operation of timestamps in UNIX-based operating systems"; (3) "the import of some lines of PHP code provided to defense counsel in discovery"; (4) "forensic memory analysis"; (5) "general principles of public-key cryptography"; and (6) "general issues related to linux-based operating systems, including security, implications of various linux kernel versions, differing methods of software installation, etc." This notice is insufficient under Rule 16(b)(1)(C), as it is devoid of any specific information regarding the opinions of the expert regarding any of these issues, or the specific types of computer vulnerabilities, PHP code, memory analysis or Linux-related issues that will be discussed and opined upon. *United States v. Valle*, No. 12 Cr. 847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013) ("Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's *actual opinions*.") (emphasis added) (citing *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001).

As a practical matter, in order for the Government – and ultimately the Court – to evaluate whether the proposed expert testimony is "the product of reliable principles and methods" pursuant to *Daubert* and its progeny, the defendant is obligated to provide the Government with more than passing references to the types of information the proposed expert reviewed or considered in the course of preparing to testify. *See*, *e.g.*, *Nimely* v. *City of New York,* 414 F.3d 381, 396-97 (2d Cir. 2005) (holding that district courts have a screening function

4

to evaluate the qualifications of an expert, the reliability of the expert's opinions, and the relevance of the proposed expert testimony); *SEC* v. *Johnson*, 525 F. Supp. 2d 70, 74 (D.D.C. 2007) ("The first prong of *Daubert* requires the trial court to assess the methodology employed by the expert as a means of ensuring evidentiary reliability."). Without proper notice, the Government is not in a position to evaluate and make any challenges to the proffered testimony, and the Court is not in a position to effectively exercise its gatekeeping functions to exclude the testimony to the extent it is improper..

Further, the insufficiency of the expert notice regarding Mr. Bellevin's testimony makes it impossible for the Government to test the merits of the proffered testimony through cross-examination. By waiting until the very last moment and by omitting any specifics regarding the opinions to be rendered, this defense has failed to give the Government any opportunity to perform its own analysis or to seek to obtain its own expert to challenge the opinions of the defense expert. The very purpose of the notice requirements of Rule 16(b)(1)(C) is to ensure that the opposing party is afforded such an opportunity, in the interest of protecting the integrity of the adversarial process.. *See, e.g., United States v. Hoffecker*, 530 F.3d 137, 187 (3d Cir. 2008) (affirming district court's preclusion of defense expert where insufficient Rule 16(b)(1)(C) notice was provided three days before jury selection, holding that "admission of this testimony would have been an affront to the public interests in the 'integrity of the adversary process,' 'the fair and efficient administration of justice,' and 'the truth-determining function of the trial process'") (quoting *Taylor v. United States*, 484 U.S. 400, 414-15 (1988)). Under the circumstances, in the event that Mr. Bellevin's testimony is not precluded, the Government may be forced to request a continuance after he testifies in order to permit an effective response, which is exactly what the notice requirements of Rule 16(b)(1)(C) were designed to prevent. *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *3 (S.D.N.Y. Feb. 25, 2011) ("[T]he purpose of reciprocal expert disclosures is to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.") (internal quotation marks and citation omitted); *accord United States* v. *Valle*, 2013 WL 440687, at *5.

There is no possible valid excuse for the defense to have waited until such a late stage of the proceeding to notice an expert. The defense has been fully cognizant of the nature of the charges against him since the defendant's arrest in October 2013, and has had access to images of his seized laptop for almost a year. The incriminatory significance of the files recovered from the defendant's computer has long been known to the defense; and many of these files were included as proposed Government exhibits that were produced to the defendant nearly five weeks before trial. The defendant has had more than ample time to develop a potential expert witness to challenge the reliability of this evidence in some fashion. Indeed, the defense *opened* with the proposition that the files on the defendant's laptop could have somehow been planted. The defense cannot now claim to have suddenly realized that it might have to support this proposition with actual evidence, such as in the form of expert opinion testimony. For this reason alone, Mr. Bellovin's testimony should be precluded.[1] *See, e.g., United States v. Causey*,

---

[1] Defense counsel has suggested that his need to call expert witnesses has arisen from the fact that he has not been able to elicit evidence required to support the defense theory through the cross-examination of the Government's fact witnesses. *See Tr.* 1836:14-19. But the defense had no basis to assume it would be able to elicit the testimony it wanted from Government

748 F.3d 310, 318-19 (7th Cir. 2014) (finding that district court properly excluded expert testimony, where the defendant did not comply with Rule 16 notice requirements); *United States v. Blair*, 493 Fed. Appx. 38, 53 (11th Cir. 2012) (finding that the district court properly excluded expert testimony where notice was provided by the defendant on the eighth day of trial, without "sufficient justification for his untimeliness"); *United States v. Petrie*, 302 F.3d 1280, 1288 (11th Cir. 2002) (finding that district court properly excluded expert testimony "[a]s a sanction for untimely disclosure" because defendant "waited until Friday afternoon prior to the commencement of trial on Monday . . . to disclose his expert to the government."); *Hoffecker*, 530 F.3d at 187 (finding that district court properly excluded expert testimony when notice was provided by the defendant three days before jury selection); *Mahaffy*, 2007 WL 1213738, at *3 (precluding defense expert witness for which insufficient notice was provided on the day that trial commence, tardiness of notice was "particularly egregious because he has been in possession of the Superseding Indictment for over a year, ample time to determine the topics upon which his expert would testify").

### Conclusion

For the foregoing reasons, the Government respectfully requests that the proffered testimony of Mr. Bellevin be precluded in its entirety.

    Respectfully,

    PREET BHARARA
    United States Attorney

By:_____
    TIMOTHY T. HOWARD
    SERRIN TURNER
    Assistant United States Attorneys
    Southern District of New York

cc:    Joshua Dratel, Esq.

---

witnesses – particularly not *opinion* testimony from Government *fact* witnesses, and particularly not testimony outside the scope of their direct examination. In any event, defense counsel has in fact had the opportunity to ask questions of Government fact witnesses regarding many of the topics listed in the defective notice of Mr. Bellovin's testimony. *See, e.g.,* Tr. 628:2-22 (PGP encryption); 632:7-633:5 (PGP encryption); 1070:19-1072-11 (potential computer vulnerabilities); 1095:5-1097:9 (operation of time stamps in UNIX-based operating systems); 1243:14-1250:13 (forensic memory analysis and potential computer vulnerabilities).