LAW OFFICES OF

## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                                  STEVEN WRIGHT
—                                                                                                 *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

May 28, 2015

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

         Re:   *United States v. Ross Ulbricht*,
                      14 Cr. 68 (KBF)

Dear Judge Forrest:

     This letter is submitted in response to the Court's May 27, 2015, Order, regarding whether certain Counts in the Superseding Indictment are duplicative for sentencing purposes. *See* Order (Dkt #258). Regarding Counts One and Three, Mr. Ulbricht concurs with the government that those Counts must be dismissed pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996).

     However, Count Two, which charges distribution of narcotics by means of the Internet [21 U.S.C. §841(h)], should also be dismissed because, pursuant to the appropriate analysis, it is subsumed within Count Four, which charges participation in a Continuing Criminal Enterprise [21 U.S.C. §848(a)]. As a result, Count Two is either multiplicitous with respect to, or a lesser included offense of, Count Four, and must be dismissed.

     Counts in an indictment are multiplicitous when they charge a single offense as separate offenses, when in law and fact only one crime is alleged to have been committed. *See United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). A multiplicitous indictment violates the Double Jeopardy Clause of the Fifth Amendment because it subjects a person to punishment for a single crime more than once. *United States v. Dixon*, 509 U.S. 688, 696, (1993).

     A defendant may be convicted only once for each offense, and the rule against

|  |  |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>May 28, 2015<br>Page 2 of 3 |

multiplicity protects against multiple *convictions* for the same offense, not just against the imposition of multiple *sentences* for the same offense. *Ball v. United States*, 470 U.S. 856 (1985).

The test for determining whether offenses charged in separate counts of an indictment are the same, and thus multiplicitous, is whether each statutory provision requires proof of an additional fact the other count does not. *See Blockberger v. United States*, 284 U.S. 299 (1932). In *United States v. Josephberg*, 459 F.3d 350, 356 (2d Cir. 2006) (*per curiam*), the Second Circuit explained that the *Blockberger* inquiry entails determining whether there is an element in each offense that is not contained in the other, and not whether the conduct underlying the separate counts is identical.

As the Court in *Josephberg* advised, "the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes [. . .] it is critical [to determining] whether the 'offense' – in the legal sense, as defined by Congress – complained of in one count is the same as that charged in another." *Josephberg*, 459 F.3d at 356 (quoting *Chacko*, 169 F.3d at 146).

The elements subject to the *Blockburger* inquiry must be determined by reference to those the prosecution needs to prove for the charges to which jeopardy attaches, not by reference to the statutes in the abstract. *See, e.g., Dixon,* 509 U.S. at 698 (contempt conviction barred a subsequent prosecution of predicate offense); *Harris v. Oklahoma*, 433 U.S. 682, 682-83 (1977) (felony murder conviction resulting from a killing during the commission of robbery barred a subsequent robbery prosecution despite the fact that the elements of robbery were not necessarily included in every felony murder); *Chacko* 169 F.3d at 145 (comparing elements of 18 U.S.C. §1014 and §1344 as-charged).

Thus, if one offense, among many possibilities, serves in a particular case as the predicate for a greater offense, the defendant cannot be prosecuted or punished twice for both offenses. *See Dixon*, 509 U.S. at 698 ("[h]ere, as in *Harris,* the underlying substantive criminal offense is 'a species of lesser-included offense'").

Here, Count Two, in charging distribution of controlled substances via the internet, is in fact the only means by which such distribution was charged against Mr. Ulbricht in the Superseding Indictment.  Thus, regardless of the abstract language of the respective statutes at issue, the elements proved by the prosecution for both counts were precisely the same, with precisely the same proof.  Indeed, Count Two served as a predicate offense for Count Four.

| | |
|---|---|
| **LAW OFFICES OF**<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>May 28, 2015<br>Page 3 of 3 |

   Accordingly, it is respectfully submitted that Count Two should be dismissed along with Counts One and Three.

                 Respectfully submitted,

                 Joshua L. Dratel

JLD/

cc:  Serrin Turner
    Timothy T. Howard
    Assistant United States Attorneys