UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14 Cr. 68 (KBF) |
| Plaintiff, | DECLARATION OF PAUL GRANT IN SUPPORT OF PETITION FOR REHEARING RE REQUEST FOR EXTENSION OF TIME TO SUBMIT RULE 33 MOTION FOR NEW TRIAL |
| -v- | |
| ROSS WILLIAM ULBRICHT, | |
| Defendant. | |

-------------------------------------------------------X

    I, Paul Grant, pursuant to 28 U.S.C. § 1746, hereby affirm under penalty of perjury:

I am an attorney licensed in the State of Colorado and admitted *pro hac vice* in this case for purposes of my representation of Ross Ulbricht in this matter. I state the following to be true:

1.    I represent Mr. Ulbricht on post-conviction matters in this case, and on related matters before the Second Circuit.

2.    I have received some discovery in this case from prior counsel, Joshua L. Dratel, and some additional discovery from the United States Attorney.

3.    The discovery provided to me by Mr. Dratel amounted to some 6 terabytes of digitally stored material.

4.    I have spent hundreds of hours reviewing the discovery but have barely scratched the surface of the material contained therein.  I am not an expert in many of the formats in which the discovery is stored, including *.pcap* (packet capture files that can be read in Wireshark), ftk imager, and MySQL.  I require expert assistance to review and understand the data.

1

5. I found no *.pcap* - formatted files in any of the discovery provided to me by prior counsel.

6. I have found 4,499 *.pcap* - formatted files in some discovery inadvertently provided to me by the United States Attorney. Those files apparently do include PRTT data, but not the FBI-collected PRTT data described in the laptop and residence search warrant applications. Upon learning that, on October 10, 2017, I requested the United States Attorney provide me with the missing data. On February 2, 2018, the AUSA confirmed to me in writing that they had found and would be sending me some recently located PRTT data files.

7. I have reviewed all of the client file materials provided to me by prior counsel to the best of my ability, and have seen no evidence that prior counsel ever looked at or even retained any of the *.pcap* data files provided in discovery.

8. Mr. Dratel sent Mr. Ulbricht's parents an email dated May 31, 2017, advising them that the Second Circuit had on that day denied Mr. Ulbricht's appeal, affirming his conviction and sentence. Mr. Dratel informed the parents that he would not be preparing Mr. Ulbricht's petition for rehearing, which was due in 14 days. Mr. Dratel stated as his reason the fact that the parents had stopped paying his bills and he reminded them that he had previously warned them that he would not represent Mr. Ulbricht after the Second Circuit ruled on the appeal.

9. As of May 31, 2017, Mr. Dratel was still counsel of record for Mr. Ulbricht in the Second Circuit and he had not filed a motion to withdraw in either the Second Circuit or in the Southern District of New York.

10. On June 6, 2017, Mr. Dratel sent an email to Mr. Ulbricht's parents, advising them that he had received my request for the client file. Mr. Dratel said his firm "cannot" undertake the task of locating and assembling and preparing and sending the file materials to me, without being

paid up front for their time. Mr. Dratel required a "suitable retainer" <u>from Mr. Ulbricht's parents</u> before he would undertake this task. Mr. Dratel has provided some file materials to undersigned counsel since that date.

11.    As of today's date, February 19, 2018, Mr. Dratel continues to refuse to provide additional file materials to undersigned counsel, or even to search for relevant email messages, without some payment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of February, 2018.

<u>/s/ Paul Grant</u><br>
Paul Grant