**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133
paul_pglaw@yahoo.com

May 5, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:     *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
        4/2/2018 Order Re Sealed Documents List

Dear Judge Forrest:

        I write on behalf of Defendant Ross Ulbricht in response to the court's order of May 1, 2018 (Doc. #330), in which the court has (1) allowed Mr. Ulbricht access to certain sealed records, (2) asked for the government's position regarding defense access to certain other sealed documents, and (3) advised that the court does not have any information about certain other sealed documents.

        Mr. Ulbricht continues to request the following documents, for the reasons offered below, if available:

#47, Declaration of Joshua L. Dratel - the court states that it has no information about the Exhibits attached to this declaration.  Mr. Ulbricht notes that the court referred to some of those exhibits in its Opinion and Order denying the defense Motion to Suppress. (See Doc. #89 at 29). Perhaps Mr. Dratel hand-delivered or sent the exhibits to the court and to the government by email.

#57, Tarbell Declaration - this declaration refers to Exhibits A - O, but none of those exhibits are attached to the publicly available version of this document.  The court states that it has no information about the Exhibits attached to this declaration. Since the government Opposition to the Motion to Suppress relied on the Tarbell Declaration, and since the court's Opinion and Order denying the Motion to Suppress refers to the Tarbell Declaration, Mr. Ulbricht suggests that it may be possible that the government hand-delivered or sent the Tarbell Exhibits to the

1

court and to Mr. Dratel by email.[1]

#110, Electronic mail to the court from Lindsay Lewis, identified 5 attachments, none of which were attached to the publicly filed document. *I do not have a copy of the attachment* and have requested from the court what Ms. Lewis *described as* the **"excel spreadsheet containing Mr. Ulbricht's Objections to the government's exhibits."** The court's order (#330) does not mention whether the court now has and will provide that document to Mr. Ulbricht.

It does appear that the court received from the defense that spreadsheet containing Mr. Ulbricht's anticipated objections to the government's exhibits. See Transcript (Day 2) at 174 (lines 3-18, "in general, I'll be following the objections lodged on the pretrial order"); Tr. at 280 (lines 13-17); Tr. at 285 (lines 1-2; 10-11, also referring to the "pretrial order"). Defense counsel stated numerous times during the trial, when asked whether Mr. Ulbricht objected to admission of a government exhibit, "same objection." He was apparently referring to pre-trial noted objections, and the government and the court understood the basis for those objections, which were apparently spelled out in the pre-trial spreadsheet containing Mr. Ulbricht's anticipated objections. See Transcript at 142, 144, 146, 147, 149, 271, 272, 300, etc. The pretrial list of anticipated defense objections was obviously an important document as it was referred to often during the course of the trial.

#127, government Memorandum of Law in Opposition . . . - this document (on the Docket) has considerable material redacted. If the court did not receive the unredacted document, it would seem unlikely that the court would have considered the arguments presented in this Memorandum. The court did consider those arguments, however, and referred to them in the Order ruling on the Motions in Limine. (See. Doc. 142 at 11). Mr. Ulbricht suggests that the government may have hand-delivered or sent the court the unredacted Memorandum by email.

#114, Memorandum in Support of Defense Motion in Limine to Preclude Certain Evidence and Exhibits. This document also reveals extensive redaction of material. The court must have received the unredacted version or these arguments could not have been considered. The government exhibits objected to in the Memorandum are not shown in the Memorandum but the court must have had copies of the government exhibits referred to in the Memorandum or the arguments could not have been considered and ruled on. It appears that the defense Memorandum in Support of Defense Motion in Limine referred to hundreds of proposed government exhibits (See #114), yet none of those exhibits were attached to the publicly filed Memorandum. Mr. Ulbricht requests a copy of the unredacted Memorandum complete with exhibits, as submitted to and ruled upon by the Court, if it is available.

---

[1] As Mr. Ulbricht has recently informed the Court, Mr. Dratel and his co-counsel Ms. Lewis have refused to search through their email records and provide to current defense counsel those emails relevant to their representation of Mr. Ulbricht. (Doc. 308, Declaration of Paul Grant, ¶¶ 15, 16.).

#160, The court left out of the order in Doc. # 330 any mention of Doc. # 160, which Mr. Ulbricht does still request.  Mr. Ulbricht cannot tell from the description of what is included in #160, what those documents are, and does not know if present counsel has those three letters, even though they may have been filed under seal by Mr. Dratel.

**JurorQuestionnaireSpreadsheet**, Mr. Ulbricht previously requested (Doc. #329) a copy of the spreadsheet prepared by the parties summarizing the responses of prospective jurors from the juror questionnaires, a spreadsheet which was to be submitted to the court. (See **Doc. 100**, describing process in which both parties were ordered to cooperate in filling in the juror questionnaire spreadsheet based on juror responses, and submit their jointly proposed strikes to the court.  See **Doc. 128**, Order that the parties fill in (based on juror responses) and provide the juror questionnaire Excel spreadsheet to the court.  See **Doc. 139**, Order that the parties fill in the spreadsheet and agree that it accurately reflects juror responses.  See **Doc. 144**, Order reviewing and accepting the list of proposed juror strikes, and requesting the parties provide the court with printed copies of all filled-out juror questionnaires.).  Mr. Ulbricht suggests that this filled-in spreadsheet may have been hand-delivered or sent to the court by email.

The pre-trial discussions and arguments over jury selection, trial procedures, suppression issues and evidentiary issues that were presented by the parties and decided by the court cannot be reviewed by present counsel for Mr. Ulbricht without unredacted copies of the relevant documents, complete with all exhibits and information that were presented to and considered by the Court.  Counsel for Mr. Ulbricht cannot adequately explore his potential claims pursuant to 28 U.S.C. § 2255 without the complete court record regarding those issues and arguments that were presented to, discussed by, and ruled upon by the court.

For the reasons stated above, Mr. Ulbricht requests that all of the additional documents he has described and requested be made accessible to him, if they are available.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney