```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: July 3, 2018
------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                      :
                                              :
                                              :    14 Cr. 68 (KBF)
            -v-                               :
                                              :    ORDER
                                              :
ROSS WILLIAM ULBRICHT,                        :
                              Defendant.      :
------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Defendant's new appellate counsel Paul Grant has had access to the vast majority of the sealed records in this case since, at the very latest, May 1, 2018.[1] (See ECF No. 330.) Nevertheless, the Court is in receipt of yet another request from Mr. Grant regarding such documents. (ECF No. 335.) The Court hereby ORDERS the following in response:

1. Mr. Grant's most recent letter grossly mischaracterizes the series of events leading to this Order in an apparent attempt to generate press attention or artificially generate fresh grounds for appeal. Let the record be clear: the Court has never once affirmatively held that Mr. Grant should not have access to the sealed records in this action. Indeed, the Court only denied Mr. Grant's initial request because Joshua L. Dratel—Mr. Ulbricht's prior counsel—informed the Court that he had already given Mr. Grant all of the sealed or ex parte filings in this case. (ECF No.

---

[1] Based on the representation of Joshua L. Dratel at ECF No. 322, Mr. Grant has had access to such records for even longer.

322.) The Court understands that Mr. Grant may not trust Mr. Dratel, but the Court has absolutely no reason to disbelieve Mr. Dratel's representation. Mr. Dratel is a respected member of the bar, and conducted himself admirably during the underlying criminal case.

2. The confused series of motions and letters filed by Mr. Grant are therefore not reflective of any unwillingness by the Court to allow access, but rather Mr. Grant's on the fly attempt to learn proper court procedure and figure out what he actually wanted to request. The Court has made several attempts to accommodate Mr. Grant's learning process, including by personally re-reviewing <u>every single</u> sealed record in this matter. To suggest that the Court is in any way prohibiting access is thus plainly incorrect.

3. What Mr. Grant seeks now—a requirement that the Court's Clerk's Office act as a copy shop for <u>all</u> of the sealed records in this action, and to remove those copies from the courthouse—exceeds the typical "access" that attorneys have to such records. Mr. Grant is correct that the Court can order the Clerk's Office to <u>allow</u> copying, but it has refrained from doing so thus far absent any justification for extraordinary relief. Put simply, Mr. Grant has not provided any explanation as to why his current access, which allows him to review the vast majority of sealed records, is "useless." The Court imagines it would be more convenient for Mr. Grant

to have his own copies to review at his leisure, but that, standing alone, is not sufficient to warrant an Order permitting copying.

4. That said, in an attempt to put this issue to bed once and for all, the Court hereby ORDERS that, <u>absent any objection by the Government, which must be submitted within **72 hours of this Order**</u>, Mr. Grant shall be allowed to create <u>one copy</u> of each of the following sealed records: 6, 15, 65, 66, 91, 95, 99, 104, 135, 136, 137, 138, 141, 143, 151, 152, 153, 158, 159, 161, 195, 225, 275, 276, 284, and 293. Due to the voluminous nature of those records, the Court additionally ORDERS that Clerk's Office personnel should not be responsible for actually creating those copies. Mr. Grant may create the copies himself using the copier available in the Records Management Office, and must pay any cost associated with making such copies.

The Clerk of Court is directed to close the open motion at ECF No. 335.

SO ORDERED:

Dated:   New York, New York
         July 3, 2018

_____
KATHERINE B. FORREST
United States District Judge