

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 26, 2019

By ECF
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States* v. *Ross William Ulbricht*, 14 Cr. 68 (LGS)

Dear Judge Schofield:

      The Government writes in response to defendant Ross Ulbricht's motion for discovery in support of his anticipated habeas petition (Dkt. No. 343), and the Court's Order dated June 14, 2019 (Dkt. No. 350). For the reasons stated below, the Government respectfully submits that Ulbricht's discovery motion is premature and should either be denied without prejudice to renewal upon the filing of Ulbricht's habeas petition, or that the Government should be permitted to respond to that motion as part of its answer to such a petition.

      "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy* v. *Gramley*, 520 U.S. 899, 904 (1997); *Harris* v. *Nelson*, 394 U.S. 286, 295 (1969); *accord Pizzuti* v. *United States*, 809 F. Supp. 2d 164, 175 (S.D.N.Y. 2011). The Second Circuit has observed that "Rule 6(a) of the Rules Governing Section 2255 Proceedings . . . provides that a § 2255 petitioner is entitled to undertake discovery only when 'the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *Lewal* v. *United States*, 152 F.3d 919, 1998 WL 425877 at *2 (2d Cir. 1998) (unpublished).

      A petitioner "bears a heavy burden in establishing a right to discovery." *Renis* v. *Thomas*, No. 02 Civ. 9256 (DAB) (RLE), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) (citing *Bracy*, 520 U.S. at 904). In order to show "good cause," a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (further citations omitted). "A court may deny a petitioner's request for discovery 'where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.'" *Pizzuti*, 809 F. Supp. 2d at 176 (quoting *Hirschfeld* v. *Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003); *see, e.g.*, *Renis*, 2003 WL 22358799, at *1

("Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.'").

"Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Ruine* v. *Walsh*, No. 00 CIV. 3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005); quoting *Charles* v. *Artuz*, 21 F. Supp.2d 168, 169 (E.D.N.Y. 1998); *accord Pizzuti*, 809 F. Supp. 2d at 176.

Before addressing whether a petitioner is entitled to discovery, his claim's "essential elements" must be identified. *Bracy*, 520 U.S. at 904 (citing *United States* v. *Armstrong,* 517 U.S. 456, 468 (1996)). Here, that task can only be conducted after Ulbricht files his actual habeas corpus petition. While Ulbricht has described certain ineffective assistance claims he *intends to* make in his habeas petition, he has not yet made those claims or filed the petition. The Government does not know what, if any, other claims Ulbricht will lodge against his conviction in that petition, and whether the sought discovery will bear any relation to those claims. If the Ulbricht's claims are procedurally or substantively deficient as a matter of law, then he will not be able to demonstrate any good cause to obtain discovery on those claims. *See Gonzalez* v. *Bennett*, No. 00 CIV. 8401 (VM), 2001 WL 1537553, at *5 (S.D.N.Y. Nov. 30, 2001) (denying discovery motion because the claims it was alleged to support were insufficient for procedural and substantive reasons); *Ruine* v. *Walsh*, No. 00 CIV. 3798 (RWS), 2005 WL 1668855, at *7 (S.D.N.Y. July 14, 2005) (denying discovery motion where materials sought were irrelevant to claims raised in habeas proceeding). At this premature stage, the Government is not in a position to assess the merits of Ulbricht's underlying habeas claims so as to determine whether he is entitled to obtain discovery with respect to those specific claims.[1]

The Court may deny Ulbricht's premature motion for discovery without prejudice pending the filing and briefing of his habeas corpus petition. "Until [a petitioner] has filed a federal habeas petition on an exhausted claim, he cannot avail himself of Rule 6 discovery." *Calderon* v. *U.S. Dist. Court for the N. Dist. of California*, 120 F.3d 927, 928 (9th Cir. 1997) (citations and quotations omitted); *see, e.g.*, *Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (denying habeas petitioner's request for discovery without prejudice because the answer and reply to the petition had not yet been filed); *United States* v. *Jordan*, 379 F. App'x 758, 761 (10th Cir. 2010) (denying "discovery request for the purpose of filing a future habeas corpus action [as] premature"); *Buzzard* v. *Swenson*, No. C06-1653-JLR-MAT, 2007 WL 710093, at *1 (W.D. Wash. Mar. 6, 2007) (denying as "premature" petitioner's request for discovery who had not yet submitted a statement of facts and law supporting his 28 U.S.C. § 2254 habeas petition,

---

[1] It bears noting, however, that on the present record Ulbricht's discovery motion appears to be without merit. The discovery produced to Ulbricht shows that the MAC address referenced in the search warrant <u>matches</u> the MAC address of Ulbricht's laptop. Ulbricht never alleges otherwise. Thus, among other problems with his argument, there can be no claim of prejudice that is not entirely fanciful: Agents learned of a particular MAC address by using a wireless pen router; the search warrant affidavit seeking authorization for the seizure and search of Ulbricht's laptop truthfully and accurately reported that MAC address; and the execution of the search of Ulbricht's laptop revealed that the computer had the same MAC address as was reported in the search warrant affidavit. These straightforward facts eviscerate Ulbricht's claim, and reveal it for what it truly is—a prohibited "fishing expedition." *Ruine*, 2005 WL 1668855, at *6.

but permitting petitioner to renew his motion this motion following receipt of respondent's answer and relevant court records). In *Calderon* v. *U.S. Dist. Court for the N. Dist. of California*, for example, the Ninth Circuit granted a writ of mandamus vacating the district court's discovery orders and "prohibiting the issuance of any discovery orders until [the defendant] files a petition for writ of habeas corpus in federal court presenting only exhausted claims." 120 F.3d 927, 928 (9th Cir. 1997).

Alternatively, in the interest of efficiency, the Government respectfully submits that it should be permitted to respond to Ulbricht's discovery motion as part of its answer to Ulbricht's habeas petition. The Government respectfully requests that its answer to that petition and the accompanying discovery motion be due at least 90 days after service of the petition on the Government.

                                                        Respectfully,

                                                        GEOFFREY S. BERMAN
                                                        United States Attorney

By: *[signature: Vlad Vainberg]*
                                                        Vladislav Vainberg
                                                        Michael Neff
                                                        Eun Young Choi
                                                        Assistant United States Attorneys
                                                        Southern District of New York

cc:       Paul Grant, Esq. (via ECF)