**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
19501 E. Mainstreet, #200
Parker CO 80134
paul_pglaw@yahoo.com
303-909-6133

July 8, 2019

**BY ECF**
Hon. Lorna G. Schofield
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:     United States v. Ross William Ulbricht, 14 Cr. 68 (LGS)
        Defendant Ulbricht's Reply in Support of Motion for Discovery

Dear Judge Schofield:

Defendant Ulbricht provides his Reply in Support of his Motion for Discovery. The government provided a response (Doc. 354) to Mr. Ulbricht's Motion for Discovery (Doc. 343) in which they suggest either that Mr. Ulbricht's Motion was premature and should be denied without prejudice and/or that the government should be allowed up to 90 days to respond to his motion as part of the government's response to Mr. Ulbricht's habeas petition.  The government has neglected to dispute Ulbricht's factual allegations and to provide any detailed argument opposing Ulbricht's motion on the merits.

The government did state that "on the present record Ulbricht's discovery motion appears to be without merit."  Response at 2.  The government argues that because the MAC address of Ulbricht's laptop, as identified in the government application for the search warrant for Ulbricht's laptop computer, matches the actual MAC address of Ulbricht's laptop, "there can be no claim of prejudice that is not entirely fanciful" and that "eviscerates Ulbricht's claim." Response at 2.  The government misunderstood the basis of Ulbricht's Motion for Discovery, and the claim of ineffective assistance of counsel which he announced he intended to pursue.

The government also argues that they cannot yet tell whether the discovery Ulbricht seeks will be relevant to any of his other claims, which claims had not yet been filed at the time the government filed its response.  Response at 2.  This suggests that the government may have reason to believe that the evidence that Ulbricht seeks to examine, does contain evidence that is relevant to Ulbricht's claims for relief.  The government asks for at least a 90 day extension of time to respond to Ulbricht's Motion for Discovery, from the date after service of his habeas petition upon the government.  Response at 3.  Although the government says Ulbricht's

1

discovery motion "appears to be without merit," their request for 90 days to provide a response would seem to suggest otherwise.

The government provided citations to a number of decisions from other jurisdictions (but none from this jurisdiction), where some courts have held that a petitioner's request for discovery should be denied as premature where the petitioner has not yet submitted his statement of facts and law supporting his petition.  Id.  Rule 6 of the Rules Governing § 2255 Cases contains no such "timing limitation" on requests for discovery.  Rule 6 simply requires that the party requesting discovery must provide reasons for the request and provides that the trial court "may, for good cause shown, authorize a party to conduct discovery under the Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  See Rule 6 of the Rules Governing § 2255 Cases.

The government overlooked case law that supports Ulbricht's request for discovery.  A petitioner has shown good cause to justify discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 *(1997) (quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969). In such a case, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.*, *(quoting Harris*, 394 U.S. at 300).  Although Mr. Ulbricht has now presented his habeas petition and he believes that he had already provided specific allegations which meet this standard in his Motion for Discovery, he agrees that the issues will be more clearly presented to the public and to the court for its resolution if he is allowed to present an Amended (and unredacted) Motion for Discovery, and if the government is then allowed a reasonable time to respond to the Amended Motion.

Allowing Ulbricht to submit an amended motion for discovery is what the government has requested and that will also allow Ulbricht to present his unredacted amended motion for discovery, because Ulbricht has recently learned there is no longer a need for redactions. Undersigned counsel received an email on 6/25/2019 (after he submitted the Motion for Discovery on 6/12/2019), from AUSA Shaio Lee, in the Northern District of California, stating that the laptop search warrant file that had been sealed, and which is a major topic of redacted discussion in the Motion for Discovery, has been unsealed.  The fact that the search warrant materials are unsealed will permit undersigned counsel to submit an Amended Motion for Discovery without redactions and without reference to sealed documents, thus serving the public interest in public judicial proceedings.  Allowing Ulbricht to submit an amended motion without redactions, will also avoid the need to file the unredacted motion and the search warrant materials under seal.  Mr. Ulbricht has recently submitted a request to the court for a sealing order to allow these materials to be filed under seal, but he prefers these proceedings be made public.

"Public monitoring of judicial proceedings is essential to democratic control over courts and deters arbitrary judicial behavior."  *United States v. Aimed*, 71 F.3d 1044, 1048 (2d. Cir. 1995).  Without public access, "the public could have no confidence in the conscientiousness,

reasonableness or honesty of judicial proceedings." *Id*. Public access to judicial documents is essential to public monitoring: The public has a "right of . . . access to judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

If the court elects to deny Ulbricht's Motion for Discovery without prejudice, on the basis that the motion was premature or on the basis that the interests of justice and the public interest will be served by allowing Ulbricht to submit his unredacted Amended Motion for Discovery, Ulbricht will submit his Amended Motion for Discovery. Ulbricht notes that he filed his motion for relief pursuant to 28 U.S.C. § 2255, after the government filed its Response (see Documents 355, 356, 357, 358, and 359, filed on 6/28/2019), thus the government could not reference all of his § 2255 claims. In his Amended Motion for Discovery, Ulbricht will make specific reference to his § 2255 claims, making it easier for the government to understand how the Amended Motion for Discovery does relate to his claims. That should allow for a more efficient presentation of Ulbricht's request, and of the government's response, and for a through resolution by this court of his Amended Motion.

On the other hand, not resting on the assumption that Ulbricht will be allowed to submit an Amended Motion for Discovery, Ulbricht will now reply to the government's off-handed argument that Ulbricht's Motion for Discovery appears to be without merit. Mr. Ulbricht's Memorandum in Support of His Motion for Discovery, establishes in considerable detail how Ulbricht's discovery request seeks evidence that is materially relevant to his claim of ineffective assistance of trial counsel for failure to investigate and raise a claim that the search warrant which authorized the seizure and search of Ulbricht's laptop computer, was obtained based on false and misleading statements provided under oath in the laptop search warrant application. See Memorandum at 21.

Ulbricht established in his Memorandum that the search warrant application contains many false statements, including false statements related to the collection of pen register and trap and trace ("PRTT") data, and he shows in his Memorandum that Ulbricht's trial counsel did not investigate and thus did not notice that the government had failed to produce in discovery the PRTT data that the defense had requested, data that law enforcement claimed (in the search warrant application) to have collected. Ulbricht also established that had trial counsel investigated and discovered the government's discovery violation and the multiple false statements in the search warrant application, that trial counsel would have had a strong basis for a successful motion to suppress evidence obtained based on the laptop search warrant (see discussion in Memorandum in Support of Motion for Discovery at 31, referencing *Franks v. Delaware*, etc.). Ulbricht explained in his Motion for Discovery, why the missing PRTT data - if law enforcement did collect it - should be found in three sealed magistrate's files: because that is required by statute. As Ulbricht explained in his Motion, those sealed magistrate's files should contain, as required by law, *"a record which will identify (i) any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; (ii) the date and time the device was installed, the date and time the device was*

3

*uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; (iii) the configuration of the device at the time of its installation and any subsequent modification thereof; and (iv) any information which has been collected by the device."* 18 U.S.C. § 3123.  See Memorandum in Support of Motion for Discovery at 28.

The government has not denied or disputed any of the facts that Ulbricht established in his Motion, and has not denied that the government was required (but failed) to disclose to Ulbricht before trial, the data that he now seeks, and the government has not denied that the data and evidence that Ulbricht seeks to examine, should now be found in the three sealed magistrate's files.

Ulbricht also explained in his Memorandum, that had the Motion to Suppress been granted, and had the evidence obtained from the laptop been suppressed, the government's case against Ulbricht would have been substantially weakened, thus likely leading to a more favorable outcome for Ulbricht.

The government's argument that *Ulbricht cannot show prejudice because the MAC address of Ulbricht's computer was the same MAC address that the government claimed it was in the search warrant affidavit*, apparently supports the position that ***it does not matter how the government obtained the evidence they "found" and provided to the magistrate to get the laptop search warrant.***  In other words, since law enforcement correctly identified the MAC address of the laptop in the search warrant application, it does not matter how they acquired that information.  That government argument ignores Fourth Amendment protections against unreasonable search and seizure.

Mr. Ulbricht's Motion for Discovery explains that it does matter how the government obtained such data, since there are indications that the government may have used data collection methods that violated Ulbricht's Fourth Amendment rights.  Mr. Ulbricht has also established (without government dispute) that the government failed to produce the PRTT data upon request prior to trial, and that the government has failed or refused post-trial to either provide the data they claim to have collected lawfully, or to agree to allow Ulbricht access to the three sealed magistrate's files which, by law, should contain any data collected pursuant to the pen trap orders that authorized law enforcement (FBI) data collection, as well as descriptions as to how it was collected.  The government appears committed to hiding whatever PRTT data the FBI may (or may not) have collected, as well as how they may have collected it.

It does matter how the government learned of the MAC address and other information regarding Ulbricht's laptop computer.  The "exclusionary rule" is an essential part of the Fourteenth Amendment.  *See Mapp v. Ohio*, 367 U.S. 643, 657 (1964).  If law enforcement entered Ulbricht's residence and examined his computer without a  warrant or consent, that matters.  If law enforcement examined Ulbricht's laptop in a public place without a warrant and without his awareness, that matters.  If law enforcement identified the MAC address of Ulbricht's computer through unlawful means, and not pursuant to lawful pen trap orders as they

claimed, that matters.

Ulbricht submits that he has already established good cause in his [redacted] Motion for Discovery, to justify an order for the specific discovery he requested, but he is prepared to submit an unredacted Amended Motion for Discovery, to facilitate public understanding of these important discussions, to provide the government with a full and fair opportunity to respond to his Amended Motion, and to provide the court with a thoroughly briefed motion, which will allow for a full and fair resolution of Ulbricht's request for discovery.  He respectfully requests that his Motion for Discovery be granted, or that he be allowed to submit an Amended Motion.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi
     Vladislav Vainbverg
     Assistant United States Attorneys, via ECF
     Zachary L. Newland, via ECF

5