USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Ross William Ulbricht,<br>      *Defendant.* | 14 Cr. 68 (LGS) |
| Ross William Ulbricht,<br>      *Petitioner*<br><br>    v.<br><br>United States of America,<br>      *Respondent.* | 19 Civ. 75212 (LGS) |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

  WHEREAS Ross William Ulbricht has moved for relief from his conviction pursuant to 28 U.S.C. §2255 on the ground of ineffective assistance of counsel (the "2255 Petition"); and

  WHEREAS the Government, after reviewing the motion papers, has concluded that the information from Petitioner's former trial counsel, Joshua Dratel, Esq. of Joshua L. Dratel P.C. ("Counsel"), is needed in order to allow the Government to respond to the motion, and that affidavits from Counsel may be necessary for the Government to properly respond to the 2255 Petition; and

  WHEREAS the Court, after reviewing the motion papers, is satisfied that information from and the testimony of Counsel may be needed in order to allow the Government to respond to the 2255 Petition; and

  WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Counsel may discuss the issues raised in the 2255 Petition with the Government and, if necessary and appropriate, give sworn testimony, in the form of an affidavit or otherwise, addressing the allegations of ineffective assistance of counsel made by Petitioner; and it is further

ORDERED that Ross William Ulbricht execute and return to this court by January 14, 2020, the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. Petitioner must either return the document to the court by January 14, 2020, or file a letter by the same date stating a basis for not returning the document. The failure to return the document or file a letter may be grounds for denying the section 2255 motion; and it is further

2

ORDERED that the Government has ~~60 days from the date of this~~ until January 14, 2020 Order to consult with Counsel, and to prepare a response to the 2255 Petition with affidavits from prior Counsel, if necessary, regarding the issues raised in the 2255 Petition. Petitioner shall file his reply, if any, within 30 days of the Government's response. ^ and no later than February 11, 2020

Dated: New York, New York
       November 13, 2019

                                                    _____
                                                    LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Ross William Ulbricht,<br>    *Defendant.* | 14 Cr. 68 (LGS) |
| Ross William Ulbricht,<br>    *Petitioner*<br><br>    v.<br><br>United States of America,<br>    *Respondent.* | 19 Civ. 75212 (LGS) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Ross William Ulbricht

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Joshua Dratel, Esq. (referred to in this form as "your former attorney"). The court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know

that the court ~~will~~ *may* deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order. *^ or a letter explaining why you did not return this form, by January 14, 2020*

You must return this form, signed by you and notarized, ~~within sixty (60) days from the date of the Court's Order directing your former lawyer to give testimony~~. If the Court does not receive this form, signed by you and notarized, within that time, the court ~~will automatically~~ *may* deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated __11/13/2020__ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, ~~[name]~~ *^ Josh Dratel* Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2
**Attorney-Client Privilege Waiver (Informed Consent)**