USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    12/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                         :

ROSS WILLIAM ULBRICHT,                 :

                               :

                      Petitioner,    :

                               :

         -against-              :

                               :

UNITED STATES OF AMERICA,        :

                               :

                     Respondent.   :
-------------------------------------------------------------------X

14 Cr. 68 (LGS)

19 Civ. 7512 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

      WHEREAS on November 13, 2019, an Order was issued regarding Petitioner's motion for relief from his conviction pursuant to 28 U.S.C. § 2255, including a claim of ineffective assistance of prior trial counsel. The Order required that Petitioner "either return [the attached attorney-client privilege waiver form] to the court by January 14, 2020, or file a letter by the same date stating a basis for not returning the document." (14 Cr. 68 at Dkt No. 380);

      WHEREAS, on November 18, 2019, Petitioner filed a motion seeking a stay and reconsideration of the November 13, 2019, Order. (14 Cr. 68 at Dkt. No. 381; 19 Civ. 7512 at Dkt No. 11);

      WHEREAS, on November 19, 2019, an Order was issued denying Plaintiff's motion, and directing the parties to meet and confer "regarding the scope of the attorney-client waiver" and to file a letter and proposed attorney-client waiver form, including any disputed matters, by December 3, 2019. (14 Cr. 68 at Dkt No. 382; 19 Civ. 7512 at Dkt No. 12);

      WHEREAS, on December 3, 2019, the parties filed a joint letter, (1) summarizing the agreed scope of the privilege waiver, (2) stating Petitioner's objection to "the Government's ability to debrief Mr. Ulbricht's former counsel regarding ineffective assistance claims raised by Mr. Ulbricht against him, without Mr. Ulbricht's current counsel being present to assert possible privilege objections subject to a protective order" and (3) stating Petitioner's objection to "Mr. Ulbricht [being] required to affirmatively authorize prior counsel to disclose information to the Government." The also states that "[t]he Government believes these objections lack merit and have been resolved by the Court's prior Orders." (14 Cr. 68 at Dkt No. 383).

WHEREAS, the Court (1) has not resolved the issue of permitting Mr. Ulbricht's current counsel to be present at the Government's debriefing of Mr. Ulbricht's trial counsel, but (2) by the November 13, 2019, Order, determined that, by asserting a claim of ineffective assistance of counsel, Mr. Ulbricht waives his attorney client privilege, at least to the extent of the matters alleged to be ineffective assistance, and is required to sign an attorney-client waiver form, acknowledging the waiver.  It is hereby

ORDERED that Petitioner shall consider whether to pursue the claim of ineffective assistance of counsel, understanding that to do so will result in a waiver of the attorney client privilege.  It is further

ORDERED that by **December 12, 2019**, the parties shall meet and attempt to agree on whether Mr. Ulbricht's current counsel may be present at the Government debriefing and object to any discussion that exceeds the agreed upon scope of waiver; and shall file by **December 13, 2019,** a letter stating their agreement and/or explaining any matters about which they do not agree, and a proposed attorney-client waiver form reflecting their agreement and competing language reflecting any remaining differences.

The parties shall file all future documents related to Petitioner's § 2255 petition only on the Docket for Case No. 19 Civ. 7512, and not in the companion criminal case.

Dated: December 5, 2019
     New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**