UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
  UNITED STATES OF AMERICA              :   AMENDED PRELIMINARY
                                                :   ORDER OF FORFEITURE
          -v.-                                  :   AS TO SPECIFIC PROPERTY
                                                :
  ROSS WILLIAM ULBRICHT,
   a/k/a "Dread Pirate Roberts,"        :   S1 14 Cr. 68 (LGS)
   a/k/a "DPR,"
   a/k/a "Silk Road,"                         :

          Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 21, 2014, ROSS WILLIAM ULBRICHT, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," (the "Defendant"), was charged in a seven-count Superseding Indictment, S1 14 Cr. 68 (KBF) (the "Indictment"), with possessing with the intent to distribute narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1), ~~841(b)(1)(B) and 841(b)(1)(C)~~ 841(b)(1)(A) and Title 18, United States Code, Section 2 (Count One); distributing controlled substances by means of the internet, in violation of Title 21, United States Code, Sections 812, 841(h), and 841(b)(1)(A) (Count Two); conspiracy to distribute and possess with the intent to distribute controlled substances, including among others, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, 10 grams and more of mixtures and substances containing a detectable amount of lysergic acid diethylamide (LSD), and 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all in violation of Title 21, United States Code, Section 846 (Count Three); engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848(a) (Count Four); conspiring to commit and aid and abet computer hacking, in violation of Title

18, United States Code, Section 1030(b) (Count Five); conspiring to traffic in fraudulent identification documents, in violation of Title 18, United States Code, Section 1028(f) (Count Six); and conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Count Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in the offense alleged in Count Seven of the Indictment, or any property traceable to such property;

WHEREAS, on or about February 4, 2015, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment

WHEREAS, on or about June 3, 2015, the Court entered a Preliminary Order of Forfeiture/Money Judgment (the "Preliminary Order") imposing a forfeiture money judgment against the Defendant in the amount of $183,961,921 in United States currency (the "Money Judgment") (D.E. 273);

WHEREAS, the Government has located property involved in the offense charged in Count Seven of the Indictment that was formerly in the possession of an individual ("Individual-1"), specifically:

    a.    50,491.06251844 BTC that the Government seized from Individual-1's residence on or about November 9, 2021;

    b.    825.38833159 BTC that the Government seized from Individual-1 on or about March 25, 2022; and

    c.    35.4470080 BTC that the Government seized from Individual-1 on or about May 25, 2022.

(a. through c., collectively, the "Specific Property");

WHEREAS, pursuant to 32.2(e)(1)(a) of the Federal Rules of Criminal Procedure

the Court may, on the Government's motion, enter an order of forfeiture to include property located and identified after an original forfeiture order was entered;

WHEREAS, the Government seeks to amend the Preliminary Order pursuant to Rule 32.2(e)(1)(a) and to forfeit all of the Defendant's right, title, and interest in the Specific Property, which constitutes property involved in the offense charged in Count Seven of the Indictment, or property traceable to such property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offense charged in Count Seven of the Indictment, to which the Defendant was found guilty following a jury trial, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, ROSS WILLIAM ULBRICHT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Preliminary Order is amended only to additionally forfeit all of the Defendant's right, title, and interest in the Specific Property to the Government and shall in all other respects remain unchanged.

4. Upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7.   Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

9.   Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

10.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

11.   The Court shall retain jurisdiction to enforce this Amended Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____  December 5, 2022
**LORNA G. SCHOFIELD**   _____
**UNITED STATES DISTRICT JUDGE**   DATE